### BIRD v. TERRELL, Governor.

ATKINSON, J. 1. Where a bond was taken by a justice of the peace, binding the obligor to appear at the superior court to answer a charge to be there preferred against him, it was not essential to a lawful forfeiture of the bond that it should be made to appear that there had been a committing trial or an express waiver thereof by the obligor.

2. When a bond given for the appearance of a person to answer a criminal charge was duly forfeited and scire facias ordered to issue returnable

to the next term, and the scire facias was not issued until a date too late to be returnable to the next term, the court at such term had authority to pass an order directing a new scire facias to issue, returnable to the next succeeding term, without causing a new forfeiture of the bond to be entered. *Rowland* v. *Towns*, 120 *Ga.* 74; *Wright* v. *State*, 51 *Ga.* 524.

3. Judgment for the forfeiture of a recognizance in a criminal case may be rendered at the term to which the scire facias is returnable, if no sufficient reason is shown to the contrary. Penal Code, § 937.

4. A warrant was issued by a justice of the peace charging a named person with a criminal offense. The defendant entered into a bond, with sureties, to appear at the next term of the superior court "to answer such charges as may be preferred touching the premises." The bond and warrant were returned to the justice of the peace, and the defendant was released from custody. Before the justice had returned the bond and warrant to the superior court, one of the sureties arrested the defendant and carried him before the justice and surrendered him to the constable. The defendant then demanded a trial before the justice of the peace, and the justice fixed a day for the trial and allowed the defendant to enter into a recognizance for appearance before him on that day. *Held*, that this did not discharge the obligation in the first bond under which the accused was to appear at the next term of the superior court.

5. When a justice of the peace has accepted a recognizance in a criminal case, returnable to the superior court, and, as a result thereof, the defendant has been released from custody, neither the justice of the peace nor the constable has authority to accept a surrender of the defendant and discharge the obligation under the bond; and this is true notwithstanding the fact that the bond is still in the possession of the justice and has not been returned to the superior court.

6. The execution of a bond of the character first above referred to is an implied waiver of commitment trial before the magistrate, and such bond is good as a statutory bond, and may be forfeited in the superior court as such.          *Judgment affirmed. All the Justices concur.*

Submitted April 18,—Decided May 17, 1907.

Forfeiture of bond. Before Judge Kimsey. Dawson superior court. August 7, 1906.

*George K. Looper*, for plaintiff in error.

*W. A. Charters, solicitor-general*, contra.