## 1642.  HOPKINS v. THE STATE.

Under the act approved December 5, 1902, amending the act creating the
city court of Cartersville, that court is without jurisdiction to try a
defendant who demands indictment by a grand jury, unless he has had
a committal trial and has been committed for the offense, or has waived
the committal trial.

Accusation of unlawful sale of liquor, from city court of Car-
tersville—Judge Foute.   December 18, 1908.

Argued February 9,—Decided February 20, 1909.

*James B. Conyers,* for plaintiff in error.

*Watt H. Milner, solicitor,* contra.

POWELL, J.   On December 16, while Hopkins was in jail under
sentence for another offense, the warrant on which the present
prosecution is based was sworn out against him, and on December
18 his case was called for trial in the city court of Cartersville.
He demanded indictment by a grand jury, and the demand was
refused.   It appears from the bill of exceptions that he had not
been carried before any committal court and given a committal
trial, and that he had never waived a committal trial.   The act
establishing the city court of Cartersville, as amended by the
act approved December 5, 1902 (Georgia Laws 1902, p. 118),
provides that "all criminal trials in said court shall be by the
judge and without jury, and without indictment by a grand jury,
except when the accused shall in writing demand one or both of
them, but the accused shall not be allowed to demand indictment
where he has had a committal trial or has waived the same, and
is in jail or is under bond for the offense with which he is charged.
A plea to the accusation by the accused shall be a waiver of both,
and he shall not thereafter have the right to recall such waiver.
When indictment by a grand jury is demanded, it shall be the
duty of the judge of said city court to commit or bind over the
accused for trial by the superior court."   We think the plain
meaning of this statute is that the defendant shall not be forced
to trial in the city court over his demand for indictment by a
grand jury, unless it has been shown, as a result of a committal
trial, that there is reasonable cause to suspect that he is guilty of
the offense charged in the affidavit of the prosecutor on which
the warrant for his arrest issued, or that he has seen fit to

waive that preliminary investigation. There is no constitutional provision in this State giving the defendant the right to demand indictment by a grand jury as a condition precedent to his being put on trial in a criminal case. In the superior courts there is uniform statutory provision for indictment in all cases. Whether a defendant, as a condition precedent to trial in a city court, shall have the right to demand indictment is purely a matter of expediency, regulated by no general law and governed by the various local statutes by which these courts have been created in the various cities of the State. Therefore it is necessary to look to the terms of each particular act and determine whether the defendant may demand indictment in a particular local court, and upon what terms and under what circumstances. The legislature seems to have deemed it inexpedient to give the officials of the city court of Cartersville the power to force a defendant to trial in that court for an offense, unless reasonable cause to suspect his guilt has been ascertained through the investigation and return of the grand jury, or through the investigation and commitment of a magistrate on committal trial, or unless the defendant should see fit to waive such an investigation. It appearing in the present case that the defendant had not been committed by a magistrate, that he had not waived committal, that he had not been indicted, and that he had refused to waive indictment, the court was without jurisdiction to put him on trial for the offense of which he was convicted.

*Judgment reversed.*