### 5718.  WILLIAMS *v.* THE STATE.

When in a criminal case not only the evidence but the defendant's statement demanded the verdict rendered, a new trial will not be granted, even though the judge may have committed errors in his charge to the jury, in rulings on evidence, and in refusing to order a mistrial on account of improper argument of counsel. If the jury reached the only result which was legally possible in the case, the judgment of the trial judge will not be reversed merely for the purpose of allowing the case to be heard again, in order that the same result may be more technically reached.

DECIDED SEPTEMBER 19, 1914.

Accusation of carrying pistol; from city court of Waycross— Judge McDonald. March 28, 1914.

*Parker & Walker,* for plaintiff in error.

*A. B. Spence, solicitor, Crawley, Redding & Crawley,* contra.

RUSSELL, C. J. The defendant was indicted for the offense of carrying a pistol without having obtained the license required by law. His guilt was abundantly shown by the evidence for the prosecution, but if he had denied, in his statement at the trial, the possession of the pistol (although he admitted that he had not obtained a license to carry a pistol), we would reverse the judgment of the trial judge refusing the grant of a new trial. Furthermore, if it had appeared, from the defendant's statement at the trial, that he procured the pistol in the imminence of pressing danger, to defend himself against a deadly or felonious assault, we would be obliged to grant a new trial, not only because of the reasonableness of his use of the pistol, but also because no time to obtain a license for the legal possession of the pistol had intervened. The law does not expect the performance of impossibilities. If the case had been similar in its facts to that of *Harris* v. *State,* post, 315, the judgment of the trial court would necessarily have to be reversed. The defendant evidently attempted to place his defense upon the principles controlling that case, and it is cited and relied upon by his counsel. However, from the statement of the defendant in the present case, a marked difference in the two cases is readily apparent. In that case the husband, suspecting his wife, went in search of her and ascertained that she was in a near-by house with her suspected paramour. His suspicions were verified by his failure to obtain admission into the house, where the circumstances were sufficient to convince any one that his wife and the man in question were alone together in a room, the door of which was fastened. The husband ran back a very short distance to one of the neighboring houses. Under the pressing exigency of the situation, he borrowed a pistol and ran back to the room where his wife was about to commit adultery, or was in the act, and used the pistol, as he had the right to do, in preventing the adulterous intercourse. In that case we held that in the reasonable contemplation of the law, there was no time for Harris to get the license. The offense would have been complete before he could get the license, and the use of the pistol in resentment of the accomplished offense would not be justified. In the present case it appears from the defendant's statement that he had for some time suspected the criminal intimacy between his wife and one Will Dugger, and had reproached Will Dugger for attentions to her. In one of these conversations, it is

true, Will Dugger said that he was not afraid of the defendant, and that he knew a woman of the street when he saw one, though he denied that he had ever had intercourse with the defendant's wife. Suspecting future intimacy between his wife and Dugger, according to his own statement, the defendant got the pistol and put it in his pocket the day before the transaction which is the basis of the defense in this case. He carried the pistol in his pocket not only on the streets, but to a dance which he attended prior to the difficulty. He says that he had the pistol and used it because he saw his wife and Will Dugger "hugged up" over a bridge railing, but he himself states that this was on one of the public bridges in the city of Waycross, and at an hour and in surroundings in which the act of adultery could not reasonably have been anticipated as possible. From the context in which the phrase "hugged up" is used in the defendant's statement, it can be presumed only that the parties were leaning over the bridge in perhaps improper proximity for persons not related.

As was held in *Cosper* v. *State*, 13 *Ga. App.* 305 (79 S. E. 94), in the offense of carrying a pistol without taking out the license required by law, as in every other act denounced by the law as criminal, the culpability of the accused must be determined by the intent with which the act was done. The gravamen of the offense of carrying a pistol without obtaining a license is the failure to obtain the license. Other penal laws are directed to the manner in which a pistol may be carried and the places at which the carrying of a pistol is forbidden, but the act of 1910 (Acts 1910, p. 134) is sweeping in its scope, and forbids any person, at any time, or at any place except his own dwelling or place of business, to carry a pistol without first having obtained the license prescribed therein, unless he belongs to one of those classes specially excepted by the statute; and there can be no excuse for not obtaining the license, unless it appears, from the evidence, that the accused did not have sufficient time to obtain the license before there was necessity for the use of the pistol, although it may appear that the use of the pistol was justifiable. So in the present case, even if the defendant had been justified in the use of the pistol on the occasion in question, his statement that he got the pistol and carried it for more than a day before there was any actual necessity for its use destroyed any defense of which he might otherwise have availed

himself. If the scene presented to the defendant at the time that he encountered his wife and Will Dugger upon the bridge reasonably supported the inference that an act of adultery was impending or in progress, the use of the pistol on the part of the husband might have been justified; still the offense of carrying the pistol without obtaining the license, when there had been ample time in which to obtain the license, was already completed. This marks the distinction between the case at bar and the case of *Harris* v. *State,* supra. In the case at bar the defendant prepared for the possible emergency in which the use of a pistol might be justifiable, by designedly violating the law which prohibits the carrying of a pistol without obtaining a license. In the *Harris* case the violation of the letter of the law was a mere incident in the rightful exercise of the defendant's right to defend his wife and the sanctity of his home.

We think perhaps the court erred in permitting the prosecution to introduce testimony as to the good character of a witness, in support of his testimony, when his character had not been attacked or his testimony contradicted; and that the admission of this testimony was error upon the further ground that where there is an attempt to impeach a witness by disproving the facts testified to by him, he can not be sustained by proof of general good character. Remarks of counsel for the State were prejudicial, and in a close case we would be inclined to hold that the court's refusal to award a mistrial entitled the defendant to another trial. As was said in *Jones* v. *State,* 14 *Ga. App.* 568 (81 S. E. 801), "Where the defendant's character is not in evidence, and his statement at the trial is all that is offered in his behalf, it is especially important that nothing be done or said by counsel for the State, in contravention of the legal proprieties, that might naturally tend to discredit the defendant before the jury." However, nothing is better settled than that when a verdict is demanded by the evidence, and no other finding upon the evidence adduced would be legal or proper, a new trial will not be granted, no matter what errors may have been committed. We confess that this statement is extremely broad, and yet, where the evidence would require the same result on another trial, it would be a travesty on justice to retry, and again try, a cause, in order to be certain that every detail in the proceeding is technically correct.

*Judgment affirmed. Roan, J., absent.*