### 18224.   CRUMMEY *v.* THE STATE.

Although the offense charged in the accusation was designated therein as "the offense of a misdemeanor," the facts alleged therein show that the offense was a felony, namely the unlawful, wilful, and malicious destruction of a bridge, which under section 750 of the Penal Code (1910) is punishable by confinement and labor in the penitentiary.   The judge of the city court erred in overruling the plea to the jurisdiction.

> DECIDED JULY 26, 1927.

Maliciously destroying bridge; from city court of Jesup—Judge J. R. Thomas.   May 6, 1927.

*D. M. Clark, W. D. Turner,* for plaintiff in error.

*Raymond Pierce, solicitor,* contra.

BROYLES, C. J.   1.   John Crummey was arraigned in the city court of Jesup under an accusation which read as follows (formal parts omitted) : "charge and accuse John Crummey with the offense of a misdemeanor  .  .  for that the said John Crummey,

---

Criminal Law, 16 C. J. p. 153, n. 69.

Indictments and Informations, 31 C. J. p. 670, n. 29, 30 New.

on the 7th day of February in the year 1927, in the county afore-said, did then and there, unlawfully and with force and arms, wil-fully and maliciously injure and destroy a certain board and plank bridge, by then and there tearing up said bridge and cutting up and destroying the boards and planks and sills and of the private property of the said R. J. Woods & Guy Woods, said bridge being of the value of $45.00 [and] located at the mouth of Abe branch, and being on the road running from and across the Jesup and Stafford's ferry road or highway and extending towards Sandy bottom on Big Goose creek."

The accused filed a timely plea to the jurisdiction of the court, on the ground that the accusation charged the offense of destroy-ing a bridge, which offense, under section 750 of the Penal Code of Georgia, was a felony, and, therefore, not within the jurisdic-tion of the city court of Jesup. The plea was overruled.

The plea should have been sustained. The facts set forth in the accusation showed the wilful, unlawful, and malicious destruc-tion of a bridge, which is made a felony by section 750 of the Penal Code (1910). No facts there stated differentiate the offense charged from the offense denounced by that code section. The allegation that the defendant was charged "with the offense of a mis-demeanor" is immaterial, it being well settled that the *facts* set forth in an indictment or accusation determine the offense charged therein.

2. The error in overruling the plea to the jurisdiction rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*