26856. SUTTON *v.* THE STATE.

Decided November 10, 1938.   Rehearing denied December 14, 1938.

*Edwin Fortson, B. W. Fortson,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

MacIntyre, J.   The defendant, Earl Sutton, was indicted for

having, possessing, and controlling intoxicating liquor and was found guilty thereof. The motion for new trial was overruled and he excepted. The defendant submitted certain requests to charge on "entrapment." None of these requests properly or accurately stated the rule of law with reference to "entrapment." The judge did not specifically give the rule of law with reference to "entrapment," and the defendant contends that this was error requiring the grant of a new trial.

An officer may not induce persons who would not otherwise commit a crime to violate the law and then prosecute them for it. An officer should not lead a man into crime, thereby making him a criminal merely to punish him. "Entrapment is the seduction or improper inducement to commit a crime and not the testing by trap, trickiness, or deceit of one suspected." U. S. *v.* Wray, 8 Fed. (2d) 429. The discovery of crime and the procurement of evidence by deception are not prohibited. A trap may be set. *Dalton* v. *State,* 113 *Ga.* 1037 (39 S. E. 468) ; *Edmondson* v. *State,* 18 *Ga. App.* 233 (89 S. E. 189). "A suspected person may be tested by being offered an opportunity to transgress in such a manner as is usual therein but may not be put under extraordinary temptations or inducements." U. S. *v.* Wray, supra. While some of the witnesses stated that the deputy sheriff employed Watkins Rolland, State's witness, to induce the defendant to sell him some liquor, we think the testimony on the whole shows that the witnesses used the word "induce" in the sense that even though the witness did solicit the sale of liquor, and did even misrepresent that he was getting over a drunk and was sick, "and was feeling worse than h——," yet that the object was to procure evidence upon which to found a bona fide prosecution against the defendant for selling and possessing whisky. The testimony merely that a witness purchased whisky with money furnished by an officer, and that the witness told the defendant that he "had just gotten over a drunk and was feeling mighty bad and had begged him [the defendant] to sell me [witness] whisky" is not sufficient to raise the defense of entrapment. The testimony for the State in this case shows that the defendant did everything that was necessary to make out a complete offense, and that independently of the acts of others the defendant himself committed acts which amounted to the crime charged. *Arrington* v. *State,* 48 *Ga. App.* 64, 70 (171 S. E. 874). He committed a

criminal act, and the evidence does not show that he did not exercise his own volition by so doing.

Similar statements as those above quoted in connection with the sale of the whisky are common in such dealings, and the officers were merely giving the defendant an opportunity to sell whisky if he so desired. The defendant was a suspected person and could be tested by being offered an opportunity to transgress the law in such manner as is usually done. He was not put under an extraordinary temptation or inducement. Even if the statement of the witness to the defendant that he "had just gotten over a drunk and was feeling mighty bad" be considered as a temptation to sell the liquor, this would be but a repetition of the first plea ever interposed in Paradise: "'The serpent beguiled me and I did eat.' That defense was overruled by the great Lawgiver, and whatever estimate we may form, or whatever judgment pass upon the character or conduct of the tempter, this plea has never since availed to shield crime or give indemnity to the culprit, and it is safe to say that under any code of civilized, not to say Christian, ethics, it never will." Commissioner v. Backus, 29 How. Pr. (N. Y.) 33, 42.

We recognize the rule that it is not permissible for an officer of the State or county to initiate the criminal act, or to use undue persuasion, incitement, deceitful means, or enticement to induce the defendant to commit a crime, when, without such conduct upon the part of the officer, the defendant would not have committed such crime.

However, it is no entrapment to commit a crime where the officers merely furnish an opportunity to a criminal who is ready and willing to commit an offense. If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If an officer acts in good faith in the honest belief that the defendant is engaged in an unlawful business, of which the offense charged in the indictment is a part, and the purpose of the officer is not to induce an innocent man to commit a crime but to secure evidence upon which a guilty man can be brought to justice, the defense of entrapment is without merit. In other words, if, at the time in question and at the time of the solicitation for the sale of whisky, the defendant was en-

gaged in the business of selling and possessing intoxicating liquor, it is no defense for him that he was merely induced by solicitation and misrepresentation to sell or possess such prohibited liquor. Reid's Branson Inst. to Juries, 232, § 3412.

The evidence in the instant case was undisputed that two cases of liquor were sought to be purchased on the occasion in question and, as a matter of fact, one whole case of liquor (an unreasonable amount to be delivered for the purpose of relieving a "hangover" after a drunk), was actually delivered to the State's witness by parties whom the State contended were agents acting for the defendant. The defendant was present on this occasion. In his statement to the jury on the trial of the case the defendant twice said "I did not have a thing to do with the whisky," thus in effect specifically contending at the trial that he neither committed nor participated in the commission of the crime. In view of the record, and the general charge to the jury upon reasonable doubt and upon the evidence necessary to support a conviction being full and fair, it was not cause for reversal that the judge failed to charge on "entrapment." *Shaw* v. *State*, 102 *Ga.* 660 (29 S. E. 477); *Wiley* v. *State*, 3 *Ga. App.* 120, 124 (59 S. E. 438); Brown *v.* U. S., 260 Fed. 752; Neumann *v.* State, 116 Fla. 98 (9) (156 So. 237); *Watson* v. *State*, 136 *Ga.* 236 (4) (71 S. E. 122); *Pritchett* v. *State*, 18 *Ga. App.* 737 (3) (90 S. E. 492).

The other exceptions of the defendant are without merit, and the evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. Even though the requests to charge on the subject of entrapment did not correctly state the principle, I am of the opinion that the defense was made by the State's own witnesses and the defendant's statement, and should have been given, although the requests were couched in language which was too favorable to the defendant's contention. Under the evidence, the jury might have found that the defendant allowed his car to be used by others to go and get the whisky because the would-be purchaser was sick, and that the claim of sickness and the insistence of the agent of the sheriff's office, hired to induce the sale, amounted to seduction or undue persuasion. By the failure to charge the defendant was deprived of the benefit of this material defense.