34883. PETHEL *v.* THE STATE.

DECIDED OCTOBER 15, 1953.

*Brannon & Brannon, G. Fred Kelley*, for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.*, contra.

TOWNSEND, J. 1. The fourth special ground of the amended motion for new trial is first considered. J. O. Clark, a witness for the State who was a member of the prosecutor's party, was the only witness to positively identify the defendant as a member of the group assaulting the automobile, and to testify that he saw this defendant take an axe from another person and with it demolish the trunk of the automobile. He further testified that Pethel later told him "he wasn't going to swear it in court, but that he walked up to Mr. Gilstrap and told him let him have the axe and he would show him how to cut a damn automobile up"; also that he had attempted to bribe the witness into not testifying against him. In rebuttal, the defendant called a witness to the stand for the purpose of attempting to impeach J. O. Clark by proof of bad character, under the provisions of Code § 38-1804. This witness was first asked whether he was acquainted with the general reputation and character of J. O. Clark in the community where he lived and worked, to which the witness replied that he had heard some things where he worked, but was not familiar in the community where he lived. The court thereupon refused to allow the witness to testify in answer to the statutory questions, and the exclusion of this testimony is assigned as error.

In *Atlantic & Birmingham R. Co.* v. *Reynolds*, 117 *Ga.* 47 (1) (43 S. E. 456), it was held: "Where a witness lives in one place, but pursues his regular daily vocation or work in another, where he has established a general reputation, another witness, called for the purpose of impeaching him for general bad character, who does not know his general reputation in the neighborhood where he lives, but does know his general reputation in the neighborhood where he works, is competent to testify upon the subject." This is a sound rule, since, under the conditions of modern life, it often happens that most of a man's waking hours are spent in the course of a business or employment which may be at some distance from his residence, or isolated from it through circumstance and lack of common interest, and it also frequently happens that the opportunities of knowing and judging a person's character and reputation may be more easily and reliably

formed in the former place than in the latter. The exclusion of the testimony of this character witness, based on the sole ground that reputation in the community where a man works cannot be considered, was error; and, in view of the importance of the testimony of the witness sought to be impeached, was necessarily harmful and demands a reversal of the case.

2. The remaining special grounds of the amended motion for new trial are expressly abandoned by the plaintiff in error. The general grounds are not passed upon, as the case is to be tried again.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*