34966. THAXTON *v.* THE STATE.

DECIDED JANUARY 21, 1954.

Reagan & Ellis, Thomas J. Brown, Jr., W. J. Wallace, for plaintiff in error.

Benjamin B. Garland, Solicitor-General, contra.

GARDNER, P. J.   With certain well-recognized exceptions, none of which are pertinent here, errors which occur in the course of a trial are not harmful and reversible where the verdict as rendered by the jury was demanded by the evidence. *Williams* v. *State*, 15 *Ga. App.* 311 (82 S. E. 817); *Leonard* v. *State*, 110 *Ga.* 291 (34 S. E. 1015). Shooting at another is defined by our Code as follows: "Any person who shall be guilty of the offense of shooting at another, except in his own defense or under circumstances of justification, with a gun, pistol, or other instrument of the like kind, shall be punished by confinement in the penitentiary not less than one nor more than four years." Code § 26-1702. The evidence demands a finding that the shooting was not done by the defendant in his own defense, and on the question of whether or not it was done "under other circumstances of justification" such as appear in Code §§ 26-1011—26-1017, the indictment charged assault with intent to murder. It follows, therefore, that had the conviction been one of guilty of this offense, the defendant would have been equally guilty of murder if either of the victims had died as a result of the shooting. But since the conviction was one of shooting at another, it follows that the defendant would have been guilty of manslaughter if either of the victims had died as a result of such shooting. *Jenkins* v. *State*, 3 *Ga. App.* 146 (4) (59 S. E. 435); *Bonner* v. *State*, 26 *Ga. App.* 185 (3) (105 S. E. 863). The only provocation contended to have been offered the defendant was the language used by the two hitch-hikers to each other near his home. Provocation by words shall in no case be sufficient to free the person killing from the guilt and crime of murder. *Gossitt* v. *State*, 182 *Ga.* 535 (4), 538 (186 S. E. 417; Code § 26-1007; *Phillips* v. *State*, 11 *Ga. App.* 262 (1) (75 S. E. 14). The evidence as to the language used by the young men, including the defendant's statement, failed to justify the shooting, and conclusively showed that the defendant received a more favorable verdict than

that to which he was entitled, and of this he cannot complain. *Gray* v. *State,* 12 *Ga. App.* 634 (1) (77 S. E. 916). The defendant introduced evidence as to his good character, which is of itself sufficient to generate a reasonable doubt and would prevent the evidence from demanding a verdict of guilty (*Shropshire* v. *State,* 81 *Ga.* 589, 8 S. E. 450), except for the fact that the defendant's statement itself shows conclusively that the shooting was without justification. A defendant's admission in open court is an admission in judicio, and the fact therein stated may be taken as true without further proof. *Dumas* v. *State,* 62 *Ga.* 58. Under such circumstances, proof of the defendant's good character would operate to prove that he was telling the truth in his statement to the jury rather than generate a doubt as to his guilt, which would carry with it the inference that he was not telling the truth in such statement.

Able counsel for the defendant present strong argument in favor of the grounds of the amended motion for new trial which, except for the fact that the verdict of guilty was demanded by the evidence and the defendant's statement, might bring about a reversal. However, as hereinbefore pointed out, these errors are not harmful and reversible where, as here, a more severe verdict than that rendered was in fact demanded.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*