35347.   DYE *v.* THE STATE.

DECIDED OCTOBER 1, 1954.

*John F. Hardin, R. Wm. Barton, Wm. M. Fleming, Jr.,* for plaintiff in error.

*Geo. Hains, Solicitor-General,* contra.

TOWNSEND, J. ■ The first two contentions of the defendant under the general grounds—to the effect that the State failed to prove a breaking by this defendant, and failed to prove that Cochran and Sanders, whom he denominates the principals, were convicted prior to his trial and conviction—are both without merit. The evidence was sufficient to authorize the jury to find that a conspiracy existed between the three men to burglarize the safe in the prosecutor's restaurant; that, pursuant thereto, they drove to the building, satisfied themselves that no one was inside, and then broke and entered one of the doors and moved the safe out into the room for the purpose of forcing it open with punches and a hammer they had brought with them; and that this felonious intent was shared by the defendant, who also entered the

building and adjured the coconspirators to hurry up. Conspiracy being established, the act of each pursuant thereto became the act of all. *Cooper* v. *State,* 69 *Ga.* 761; *Nelson* v. *State,* 51 *Ga. App.* 207 (1) (180 S. E. 16); *Kryder* v. *State,* 57 *Ga. App.* 200 (3), 202 (194 S. E. 890).

■ There is nothing in the evidence in this case which would sustain the defendant's defense of entrapment. There is no evidence of any agreement between Cochran or Sanders, the alleged coconspirators, and the owner Johnson to "frame" this defendant, although there were some contradictions as to what Johnson had said to third persons regarding the likelihood of a burglary prior to its commission. The acts of Johnson and the police officers in taking measures to apprehend persons breaking into the building did not in any sense constitute entrapment. See, in this connection, *Sutton* v. *State,* 59 *Ga. App.* 198 (3) (200 S. E. 225); *Bienert* v. *State,* 85 *Ga. App.* 451 (3) (69 S. E. 2d 300). The general grounds of the motion for a new trial are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*