### 42714. McKIBBEN v. THE STATE.

JORDAN, Judge. Calvin McKibben was indicted, tried, and convicted in Fulton Superior Court under *Code Ann.* § 58-612 for the felony of knowingly furnishing malt liquors to a minor without first obtaining the written consent of the parents or guardian, and sentenced to misdemeanor punishment of 12 months confinement.

The evidence by the State's witnesses discloses that a law enforcement officer, with the consent of the minor's parents to use the minor as a decoy in an area of suspected violations, gave the minor $3 to purchase beer. The minor approached the accused, who was standing on the street in the area, asked him to buy some beer, and gave him the $3. The accused went into a nearby grocery store and returned with six cans

of beer. He gave the minor the beer and some change, whereupon he was immediately apprehended by the officer, who with others, had stationed himself in the vicinity to observe any transaction which might occur. After this evidence counsel for the accused made a motion on the ground of entrapment which the trial judge treated as a motion for acquittal and overruled, on the basis that the evidence did not show entrapment. The accused then testified that he bought the beer with his own money for his own use, and that he was holding the beer and had not delivered it to the minor when he was apprehended.

The trial judge overruled a motion for new trial, and the enumeration of errors corresponds to the general and special grounds of the motion. In addition to the general grounds the accused contends that the trial judge erred in overruling the motion for acquittal and in refusing to submit the issue of entrapment to the jury. *Held:*

1. The evidence, under the indictment for unlawfully furnishing beer to a minor, that the minor, acting as a decoy for enforcement officers, merely requested the accused to purchase beer for him, and gave him the money to make the purchase, thus presenting the accused with an opportunity of violating the law, or refusing to do so, is insufficient as a matter of law to raise the issue of entrapment as a defense. See *Sutton v. State*, 59 Ga. App. 198 (2, 3) (200 SE 225), holding that it was not cause for reversal to fail to instruct the jury on entrapment under evidence similar to the present case; *Bienert v. State*, 85 Ga. App. 451 (3) (69 SE2d 300), holding that entrapment was not shown, as a matter of law; *Usry v. State*, 90 Ga. App. 644 (1b) (83 SE2d 843), where the evidence authorized the jury to determine that the accused was not entrapped; *Dye v. State*, 90 Ga. App. 736 (2) (84 SE2d 116), evidence insufficient to show entrapment; *Cherry v. State*, 98 Ga. App. 107, 109 (104 SE2d 694), where the court failed to find reversible error in considering the issue of entrapment; *Slaughter v. State*, 99 Ga. App. 239 (1) (108 SE2d 161), where the court refused to sustain a demurrer to an indictment showing on its face that an officer furnished the accused an opportunity to commit an offense; *Merritt v. State*, 110 Ga. App. 150 (137 SE2d 917), rejecting contentions of the accused that the evidence proved entrapment as a matter of law; *Brown v. State*, 112 Ga. App. 634 (1) (145 SE2d 695), rejecting similar con-

tentions; and *Veasey v. State,* 112 Ga. App. 651 (3) (145 SE2d 745), to the same effect. See also Entrapment—Liquor Sale Offenses, 55 ALR 2d 1322, §§ 11, 12, 13, 22, 23; 22 CJS 138, Criminal Law, § 45 (2, 3).

2. While it is recognized that one accused of a crime may generally rely on inconsistent defenses, the defense of entrapment involves the avoidance of criminal responsibility for acts which otherwise constitute an offense, and in this State it is not reversible error to refuse to submit the issue of entrapment to the jury if the accused denies that he committed the offense. See *Sutton v. State,* 59 Ga. App. 198 (4) (200 SE 225); Entrapment—Liquor Sale Offenses, 55 ALR2d 1322, § 8; 22 CJS 137, Criminal Law, § 45 (1).

3. The evidence authorized the verdict and judgment, and no error of law appears for any reason assigned.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED APRIL 4, 1967—DECIDED APRIL 18, 1967.

*Marjorie King, D. Jane Marshall,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Carter Goode, Amber W. Anderson,* for appellee.