25032. HILL et al. v. THE STATE.

SUBMITTED JANUARY 14, 1969—DECIDED FEBRUARY 6, 1969.

*Albert M. Horn,* for appellants.

*Lewis R. Slaton, Solicitor General, William E. Spence, Solicitor, Frank A. Bowers, James L. Webb, Tom Moran,* for appellee.

ALMAND, Presiding Justice. Doris Hill and Jan Shelton were convicted in the Criminal Court of Fulton County of engaging in prostitution and assignation. Each petitioned for a writ of certiorari to the Fulton County Superior Court, where the cases were consolidated by order. The petition for certiorari was denied, whereupon the appellants filed their appeal to the denial of their petition for the writ of certiorari, enumerating as error: (a) the overruling of their demurrers to the accusation and sentence, and (b) the sustaining of the motion by the State to dismiss their motion to quash the accusation.

Their demurrers and motion to quash and dismiss the accusation were on the grounds (a) that *Code Ann.* § 26-6203, which the appellants were charged with violating, offends the due process and equal protection clauses of the Federal and State Constitutions in that the statute is vague and indefinite, and (b) that they were entrapped by the arresting officer.

*Code Ann.* § 26-6203 (Ga. L. 1943, p. 568) provides, "Any person . . . who shall engage in prostitution or assignation . . . shall upon conviction for the first offense . . . be punished as for a misdemeanor." The word, "prostitution" is not vague and indefinite. A person of ordinary intelligence knows the meaning of the words "prostitute" and "prostitution." The statute is not unconstitutional for the reason assigned.

The defense of entrapment is without substance. The testimony of the officer who arrested the appellants was that while he was on duty he went into an Atlanta night club, and was ushered by the doorman to a seat beside the defendant Shelton. The officer and the defendant struck up a conversation and the officer asked the defendant if she were married and she said, "No." He then asked her if she dated, to which the defendant said, "No," but stated to the officer that if he wanted a girl she could get him one. By arrangement, the officer left, stating that he had to get a check cashed, but would call her at the night

club.  Later the officer called the defendant Shelton and told her where he was in a motel.  A short time later, the defendant Shelton arrived at the officer's room in the motel with the other defendant, Doris Hill.  The two defendants had a conversation with the officer in which they offered to have relations with him for $40 each and they were thereupon arrested and charged by officer Guy.  Neither of the two defendants testified or made a statement at the trial.

Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law.  But there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.  *Sutton v. State,* 59 Ga. App. 198 (2, 3) (200 SE 225).

The trial court did not err in overruling the defendants' demurrers to the accusation and in sustaining the motion of the State to dismiss the defendants' motion to quash the accusation.

The judge of the superior court did not err for any of the reasons stated in the petition for the writ of certiorari in overruling the petition.

*Judgment affirmed.  All the Justices concur, except Duckworth, C. J., not participating, absent due to illness.*