## 44720. ALLEN v. THE STATE.

SUBMITTED SEPTEMBER 12, 1969—DECIDED OCTOBER 22, 1969.

*Smith, Gardner, Wiggins, Geer & Brimberry, M. M. Wiggins, Jr.,* for appellant.

*Robert W. Reynolds, District Attorney,* for appellee.

QUILLIAN, Judge. ■ The allegations of the indictment read in part: "With the offense of violation of the Uniform Drug Act for that the said accused in the county aforesaid on the 16th day of January in the year of our Lord 1969, with force and arms and unlawfully did then and there knowingly possess and control marijuana." The defendant demurred to the indictment on the ground that it charged the defendant with possessing "marijuana" whereas *Code Ann.* § 79A-802 (Ga. L. 1967, pp. 296, 325) provides that "marihuana" and not "marijuana" is a narcotic drug. The overruling of the demurrer was not

error because either spelling of the word is accepted as being correct. Webster's International Dictionary (2d Ed.), p. 1503.

■ The defendant also demurred to the indictment because it charged him with violating the "Uniform Drug Act" whereas the correct title of the statute is "Uniform Narcotics Drug Act." However, the facts alleged in the indictment stated: "that the said accused in the county aforesaid on the 16th day of January in the year of our Lord 1969, with force and arms and unlawfully did then and there knowingly possess and control marijuana." The name of the offense is not material because the indictment need not name the crime by a specific name. If the facts are sufficient the indictment will be upheld. *Dewitt v. State,* 27 Ga. App. 644, 646 (109 SE 681); *Crummey v. State,* 37 Ga. App. 149 (139 SE 131); *Mixon v. State,* 7 Ga. App. 805 (1) (68 SE 315). The requisite of a good indictment, as to form, is that the offense with which the defendant is charged be so stated as to give him ample opportunity to prepare his defense. The overruling of the demurrer was correct.

■ *Code Ann.* § 79A-802 (13) provides in part: "'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

The defendant argues that for the indictment to be sufficient it must charge the defendant with possession of that portion of the plant Cannabis sativa L. which paragraph 13 of the statute defined as being marihuana. His contention is without merit.

It is not necessary that the indictment describe what portion of the plant the defendant had in his possession because that is the very purpose of defining marihuana (marijuana) in the statute. Marihuana is not the entire plant Cannabis sativa L. but only that portion stated as being such in the statute.

■ The defendant's remaining contention is that the trial judge erred in failing to charge the jury as to the entrapment. "An officer may not induce persons who would not otherwise commit a crime to violate the law and then prosecute them for it. An officer should not lead a man into crime, thereby making him a criminal merely to punish him. 'Entrapment is the seduction or improper inducement to commit a crime and not the testing by trap, trickiness, or deceit of one suspected.' U. S. v. Wray, 8 F2d 429. The discovery and the procurement of evidence by deception are not prohibited. A trap may be set. *Dalton v. State*, 113 Ga. 1037 (39 SE 468) ; *Edmondson v. State*, 18 Ga. App. 233 (89 SE 189). 'A suspected person may be tested by being offered an opportunity to transgress in such a manner as is usual therein but may not be put under extraordinary temptations or inducements.'~ U. S. v. Wray, supra." *Sutton v. State*, 59 Ga. App. 198, 199 (200 SE 225).

The mere fact that the officers gave the informers the money with which to make the purchase would not amount to entrapment. While the defendant was given an opportunity to commit the illegal act by the informers the evidence was insufficient to show that the officers were guilty of improperly inducing the defendant to commit the crime.

*Judgment affirmed. Pannell and Evans, JJ., concur.*