for appellee.

## 49377. STEPHENS v. THE STATE.

BELL, Chief Judge.
1. Failure to object to the overnight dispersal of a jury amounts to the consent of defendant to the dispersal. *Jackson v. State,* 229 Ga. 191 (190 SE2d 530).

2. Any error in the judge's instructions to the jury immediately prior to their dispersal as to discussing the case among themselves or with anyone else was waived by the failure of defendant's counsel to object or request a further instruction. *Walters v. State,* 128 Ga. App. 232 (196 SE2d 326).

3. The evidence authorizes the verdict of guilty.

4. The jury fixed the defendant's sentence at ten years on each count of a three count indictment for selling heroin. The jury did not specify that the sentences were to run consecutively. The trial court sentenced the defendant "for 10 years on each count, to run consecutively . . ." This was error. Only a jury can decide whether sentences are to be served consecutively or concurrently. *Wade v. State,* 231 Ga. 131 (200 SE2d 271) and *Gandy v. State,* 232 Ga. 105 (205 SE2d 243). As the jury verdict was silent on this phase of the sentencing, the sentences are to be served concurrently. *Gandy v. State,* supra. We affirm but with direction that the trial judge enter a judgment in this case that the sentences are to run concurrently.

*Judgment affirmed with direction. Quillian and Clark, JJ., concur.*

ARGUED MAY 6, 1974 — DECIDED JULY 3, 1974.

*Harrison, Martin, Childs & Foster, Mobley F. Childs, John R. Grimes,* for appellant.
*Richard Bell, District Attorney, George N. Guest,* for appellee.