## 49298. TISCHMAK v. THE STATE.

PER CURIAM.

The defendant was convicted under a two-count indictment. On the first count involving the sale of phencyclidine, the defendant was sentenced to one year based on the jury verdict. On the second count involving possession of less than one ounce of marijuana, the jury also found the defendant guilty. The trial judge in sentencing the defendant set the sentence under the second count at six months and provided the sentences were to run consecutively.

The defendant filed a motion for new trial and upon it being overruled appealed to this court. *Held:*

1. Counsel for the defendant contends that the trial judge erred in overruling the motion to quash the indictment because phencyclidine is not a drug prohibited by the Georgia Drug Abuse Control Act. Code Ann. Ch. 79A-9 (Ga. L. 1967, pp. 296, 343 (now repealed by Ga. L. 1974, p. 221 but in effect for this case)).

The Georgia Drug Abuse Control Act prohibits the sale of depressant or stimulant drugs as therein defined. Under the definitions within the Act, a depressant or stimulant drug is: "Any drug which contains any quantity of a substance designated by present regulations promulgated under the Federal Act as having potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect."

Code Ann. § 79A-903 (b 3) (Ga. L. 1967, pp. 296, 344; 1970, pp. 470, 471). The Georgia Supreme Court in *Johnston v. State,* 227 Ga. 387 (2) (181 SE2d 42), held that this provision of the Act referred to the federal regulations promulgated under the Federal Act as of the time of the enactment of the Georgia law in 1967. An examination of such regulations reveals no prohibition against phencyclidine.

Code Ann. § 79A-903 (b 4) sets out: "Any substance which the State Board shall determine to be habit-forming because of its stimulant effect on the central nervous system or any drug which the State Board shall determine to contain any quantity of a substance having a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect." An examination of the regulations of the state board reveals that at the time of the commission of the act in question that the state board had found phencyclidine hydrochloride to be a depressant or stimulant drug within the meaning of the Act. Under the provisions of the Administrative Procedure Act, we take judicial notice of the rules promulgated by the State Board of Pharmacy. Code Ann. § 3A-108 (Ga. L. 1964, pp. 338, 346).

The indictment charges the defendant with the unlawful sale of phencyclidine. The evidence reveals from the testimony of one of the state's witnesses that the substance found on the defendant was phencyclidine hydrochloride. In *Ellis v. State,* 132 Ga. App. 684 (209 SE2d 106), a majority of this court sanctioned testimony utilized on the trial of the case to prove that substances named in the indictment were drugs prohibited by Code Ann. § 79A-702 (Ga. L. 1967, pp. 296, 323; 1972, pp. 948, 949) and Code Ann. § 79A-802 (Ga. L. 1967, pp. 296, 325; 1970, p. 470 (now repealed by Ga. L. 1974, p. 221 but in effect for this case)). In view of the great similarity between these sections and Code Ann. § 79A-903, we hold that the indictment was sufficient to inform the defendant as to the nature of the crime with which he was charged and to sustain a conviction on proof such as here offered.

2. (a) "A question asked in the language of this Code section is in proper form to ascertain whether the juror is

competent or not in qualifying a jury in a felony case, and the use of the word 'crime' in the statutory form of the question given by the Code is not objectionable on the ground that it assumes in advance that a crime has been committed." *Bloodworth v. State,* 119 Ga. App. 677 (1) (168 SE2d 334).

(b) The record before us is not sufficient to sustain any of the attacks made on the composition of the grand or traverse jury. *Garrett v. State,* 133 Ga. App. 564 (— SE2d —). See *Hill v. State,* 232 Ga. 800, 804 (3) (209 SE2d 153).

(c) No error was committed in refusing to permit counsel to ask certain questions on voir dire.

3. On cross examination of the defendant, sworn as a witness, the following testimony was elicited: "Q. And you did sell her [the prosecution's witness] some phencyclidine? A. PCP. Q. That's what you call it. So you did sell it to her; is that right? A. Yes . . . Q. And you did have this marihuana? A. Yes, sir. Q. It was where, in your pocket? A. Yes, sir . . . Q. It [the indictment] says you, not being authorized under any provision of the Georgia Drug Control Act to do so, did distribute and sell to Jeannine Metevier phencyclidine. Did you do that? A. Yes, sir. Q. It also says that you had in your possession, not being authorized under any of the provisions of the Georgia Drug Abuse Control Act to do so, you had in your possession unlawfully marihuana in an amount of less than one ounce? A. Yes, sir. Q. And you are admitting your guilt under these two counts in the indictment; is that correct? A. Yes, sir."

"A defendant's admission in open court is an admission in judicio, and the fact therein stated may be taken as true without further proof. *Dumas v. State,* 62 Ga. 58." *Thaxton v. State,* 89 Ga. App. 536, 538 (80 SE2d 76). See also *Hargroves v. State,* 179 Ga. 722 (4) (177 SE 561).

"Where in a criminal case not only the evidence but the defendant's statement demanded the verdict rendered, a new trial will not be granted, even though the judge may have committed errors in his charge to the jury, in rulings on evidence, and in refusing to order a mistrial on account of improper argument of counsel. If the jury reached the only result which was legally possible in the

case, the judgment of the trial judge will not be reversed merely for the purpose of allowing the case to be heard again, in order that the same result may be more technically reached." *Robertson v. State,* 95 Ga. App. 445, 447 (98 SE2d 199). See *Williams v. State,* 15 Ga. App. 311 (82 SE 817); *Kennedy v. State,* 51 Ga. App. 543 (181 SE 139); *Pennington v. State,* 117 Ga. App. 701, 704 (161 SE2d 327).

The evidence demanded a verdict of guilt on Counts 1 and 2 of the indictment and the judgment of conviction must be affirmed.

4. In this case the jury first found the defendant guilty and then set the sentence under the first count at one year and merely found the defendant guilty under the second count which was a misdemeanor. The Supreme Court has held: "If there are two or more convictions in a multi-count indictment, the jury must prescribe the sentence to be served on each count. And unless the jury specifies that the sentences imposed are to run consecutively, then the law (Code Ann. § 27-2510) is that they shall run concurrently . . . a trial judge does not have legal authority to say whether sentences imposed by a jury in a multi-count indictment shall run concurrently or consecutively. Under our present statutes that function is solely within the province of the jury." *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271). See *Gandy v. State,* 232 Ga. 105 (205 SE2d 243).

The rule above cited is not decisive in the case sub judice because under Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950) [now repealed by Ga. L. 1974, p. 352 but in effect for this case] the jury sets the sentence for felonies but not for misdemeanors. See Code Ann. § 27-2506 (Ga. L. 1956, pp. 161, 168; 1957, pp. 477, 482; 1964, p. 485; 1970, pp. 236, 241; 1972, p. 600). Thus, as to the second count which was a misdemeanor the trial judge properly prescribed the sentence and perforce had the concomitant authority to provide for the sentence to be consecutive to Count 1.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur. Quillian and Webb, JJ., concur specially. Pannell, P. J., concurs in the judgment only. Deen, P. J., Evans, Clark and Stolz, JJ., dissent.*

538

*Albert Horn,* for appellant.
*Eldridge W. Fleming, District Attorney, William F. Lee, Jr., Assistant District Attorney,* for appellee.

Quillian, Judge, concurring specially.
1. While giving full recognition to the law regarding judicial notice of the rules promulgated by the State Board of Pharmacy, I do not believe that this court can take judicial notice that the phencyclidine referred to in the indictment is phencyclidine hydrochloride.

The evidence offered on the trial would not serve to breathe life into or validate a void indictment. As held in *Daniel v. State,* 63 Ga. App. 12 (1) (10 SE2d 80): "An indictment may be quashed on oral motion for any defect for which the judgment on it should be arrested. However, a motion to quash does not question the competency or sufficiency of the evidence which induced the judgment ... The motion deals solely with the record, and the verdict and the evidence can not be considered on such a motion."

Count 1 of the indictment accusing the defendant of the sale of phencyclidine charges no crime and was thus subject to the motion to quash the indictment.

However, I am bound to follow the recent decision of this court in *Ellis v. State,* 132 Ga. App. 684 (209 SE2d 106) and thus concur for that reason only.

2. With regard to Division 4 of the main opinion, Code Ann. § 27-2510 (Ga. L. 1956, pp. 161, 168; 1964, p. 494) provides, *as to either felony or misdemeanor* sentences, that unless specified two or more sentences shall be served concurrently. Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950 (now repealed by Ga. L. 1974, p. 352, but in effect for this case)) provided that the jury consider the matter of punishment and sentence for felonies. The rationale of the Georgia Supreme Court in *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271), construing Code Ann. §§ 27-2502, 27-2534 and 27-2510, was that since the jury was solely empowered to set sentences in felonies unless the

jury provided for consecutive sentences the trial judge could not. Accord: *Mathis v. State,* 231 Ga. 401, 404 (4) (202 SE2d 73); *Gandy v. State,* 232 Ga. 105, 106 (205 SE2d 243).

However, the trial judge determines misdemeanor punishment. Code Ann. § 27-2506 (Ga. L. 1956, pp. 161, 168; 1957, pp. 477, 482; 1964, p. 485; 1970, pp. 236, 241; 1972, p. 600); *Lawson v. State,* 52 Ga. App. 181, 182 (2) (182 SE 820). Hence, he decides whether a misdemeanor sentence is to be consecutive or concurrent with a prior sentence. The basis for the Supreme Court rule in *Wade v. State,* 231 Ga. 131, supra, is not here present. The jury did not (and properly so) consider the matter of misdemeanor punishment. The trial judge could and did impose a consecutive sentence.

In short, the language of Code Ann. § 27-2510 (c) "this section shall apply alike to felony and misdemeanor offenses" refers to the necessity for expressly providing for consecutive sentences under that Code section. It does not encompass the entire rule enunciated by the Supreme Court in *Wade v. State,* 231 Ga. 131, supra, which is also predicated on Code Ann. § 27-2534.

WEBB, Judge, concurring.

I concur in the majority opinion but, since the issues as to entrapment and the character witness are not specifically dealt with, and there is a dissent as to these issues, I feel compelled to state my views in support of the majority opinion.

1. The evidence presented by defendant as to entrapment is that the undercover agent requested him numerous times to sell her phencyclidine, he at first demurred to the requests, but finally acceded "just to get her off my back." If there is any factual distinction between this situation and that presented in *Garrett v. State,* 133 Ga. App. 564 (3) (— SE2d —), it is a distinction without a difference. As we there said: "Under these circumstances the defense of entrapment is not raised since, under Criminal Code § 26-905, the accused must be induced to commit the act, which he otherwise would not have committed, 'by undue persuasion, incitement, or deceitful means.' Because the phrase

'undue persuasion' is used in context with 'incitement or deceitful means,' it must mean something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs. In *Brooks v. State,* 125 Ga. App. 867 (189 SE2d 448), defendant 'demurred somewhat' before finally acceding to police officers' requests and urgings to help locate and obtain drugs. While three judges dissented as to Division 4 of that opinion, all judges of this court concurred in Division 2, which stated simply: 'There was no entrapment. *Allen v. State,* 120 Ga. App. 533, 535 (171 SE2d 380).' Here the case is even stronger, since the defendant was already vested with ownership and possession of the drugs and the necessary incidents of power of use and disposition. The record here simply fails to raise an issuable defense as to entrapment. Criminal Code § 26-905; *Hill v. State,* 225 Ga. 117 (166 SE2d 338); *Sutton v. State,* 59 Ga. App. 198 (200 SE 225); *McKibben v. State,* 115 Ga. App. 598, 599 (1) (155 SE2d 449) and cases cited; *Allen v. State,* 120 Ga. App. 533, 535 (4) (171 SE2d 380); *Brooks v. State,* 125 Ga. App. 867 (2) (189 SE2d 448); *Brown v. State,* 132 Ga. App. 399, 400 (1) (208 SE2d 183)."

It is thus my view that where one already is in knowing possession of contraband drugs, with the power to use and dispose of them, that individual's dealing with the drugs cannot be construed as " 'the product of the creative activity' of law enforcement officials." *Brown v. State,* 132 Ga. App. 399, 400 (1), supra. The idea and intention of illegally dealing with the drugs, in one manner or another, has already been formed prior to the intervention of the law enforcement agency, and hence Criminal Code § 26-905, which requires the idea and intention to originate with the government officers, is inapplicable.

In any event, § 26-905 requires that the government officer with whom the idea and intention originated must also use "undue persuasion, incitement, or deceitful means" to induce the crime; and if repeated requests or nagging, to which defendant first demurs and then accedes, is "undue persuasion," then *Brooks v. State,* 125 Ga. App. 867 (2), supra, and similar cases, must be overruled.

The evidence failed to raise an issuable defense of entrapment, and the trial court did not err in failing to charge defendant's requests on this subject.

2. Since the defendant admitted committing the offense, the defense of entrapment utterly failed, and the evidence demanded the guilty verdict, the error with respect to the character witness, as well as other alleged trial errors, are rendered harmless. *Garrett v. State,* 133 Ga. App. 564 (4), supra, and cases cited.

CLARK, Judge, dissenting.

Defendant was convicted under a two count indictment for violations of the Georgia Drug Abuse Control Act. The first count, a felony, was based upon a sale of phencyclidine on May 17, 1973, made to an undercover agent while at a party for young people. The second count charged a misdemeanor, that being possession of less than one ounce of marijuana. This latter incident occurred six days following the phencyclidine sale when the banned product was found upon appellant during a routine search of all persons present at another location than that involved in the first offense.

1. My principal disagreement with the majority opinion centers on the issue of entrapment. Appellant testified that the female undercover agent approached him at a young people's party and asked him to sell her some "little pink pills." He testified that he refused, but that "she followed me around until I finally sold them to her." (T. 52). He testified that 20 to 30 minutes elapsed before he gave in "just to get her off my back" after she had asked him "numerous times" to sell her. His explanation as to the pills was that "they were for my own use, I wasn't going to sell them." (T. 53) and that he did so only "after she kept nagging me." (T. 55). He denied being in the business of dealing with or selling drugs. Although the agent had testified during the direct phase that the sale was made on a voluntary basis, that the offer to sell came from the appellant, defendant's testimony was sufficient to create the issue of entrapment. Accordingly, the trial court erred in refusing to charge appellant's written requests on this subject.

Appellant's version of the sale transaction clearly

came within the definition of "Entrapment as a Defense" as stated in Code Ann. § 26-905. That section reads: "A person is not guilty of a crime if by entrapment his conduct is induced or solicited by a government officer or employee, or agent of either [,] for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer."

The language of our Code closely parallels that used by the U. S. Supreme Court in Sorrells v. United States, 287 U. S. 435 (53 SC 210, 77 LE 413, 86 ALR 249) where the defense of entrapment was first recognized. As was quoted in *Brown v. State,* 132 Ga. App. 399, 400 (208 SE2d 183) from Sherman v. United States, 356 U. S. 369 (78 SC 819, 2 LE2d 848): "It occurs when the criminal conduct is 'the product of the creative activity' of law enforcement officials." See also *Jones v. State,* 101 Ga. App. 851, 852 (4) (c) (115 SE2d 576) where our court ruled entrapment to be a total defense.

As it is the duty of the trial judge to charge the jury on every material issue in the case (*Pass v. State,* 95 Ga. App. 510 (98 SE2d 135)) the trial court erred in refusing defendant's written requests for a charge on the subject of entrapment. Once the issue of entrapment is sufficiently raised the defendant is entitled to have the jury pass on the credibility of the entrapment defense under proper instruction from the court.

The majority opinion declines to recognize the entrapment defense because of certain answers given by defendant during cross examination. These consisted of his admission of possession and sale and concludes with this question and answer: "Q. And you are admitting your guilt under these two counts in the indictment; is that correct? A. Yes, sir." We cannot construe this as constituting an in judicio admission of guilt as stated in the majority opinion for two reasons. The first is that it must be considered in the context of defendant's entire

testimony, particularly that presented during his direct which was re-affirmed during the cross examination. "Q. And you are not saying she enticed you, you said you sold it to her? A. After she kept nagging me, I did. Q. She kept nagging you. A. Yes." (T. 55). The other reason arises from the very nature of the defense of entrapment. In effect, it consists of saying: "Yes, I committed the offense as charged, but I would not have done so if I had not been prevailed upon to do so by the officer." As we pointed out in *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335) an entrapment defense is that "The accused admits the commission of the offense while denying that he was inclined to commit the offense before the intervention of the law enforcement agent."

Therefore the writer does not regard the quoted testimony of defendant in the third division of the majority opinion as being an in judicio admission of guilt. In fact, the refusal to charge the requested entrapment defense left the jurors no alternative excepting to return a guilty verdict on the basis of defendant's admissions from the witness stand since they were left ignorant of the legal doctrine of entrapment.

The facts of our case differ from those of *Garrett v. State,* 133 Ga. App. 564, supra. In *Garrett* the defendant was clearly not induced to make the sale, our court's opinion noting that "Defendant testified that there were no medical or moral, as opposed to legal, impediments to his sale of marijuana, and his testimony reveals a marked predisposition to use and sell it. In essence his testimony was that the marijuana laws are bad laws." The court concluded that "the record here simply fails to raise an issuable defense as to entrapment." In the case sub judice the record, specifically the testimony of the defendant, presented the entrapment defense. The defendant here was entitled to have the jury upon proper instructions from the court pass on the entrapment defense as requested by defense counsel.

2. Another error committed by the trial court which warrants a new trial was the court's action in striking the testimony of the single person who was presented as a character witness for defendant. Defendant lived in the same house and worked with the same company as this

character witness. The witness' testimony was based upon his knowledge of the defendant's reputation at their place of employment and in the community. It necessarily was limited to a period of four months which constituted the entire time defendant had resided in that locality. This testimony was stricken upon the state's motion based on such limited period.

One familiar with the reputation of an accused at the defendant's place of work may testify as to that fact. *Atlantic & B. R. Co. v. Reynolds,* 117 Ga. 47 (43 SE 456); *Pethel v. State,* 89 Ga. App. 8 (78 SE2d 428); *Bennett v. George,* 105 Ga. App. 527 (12) (125 SE2d 122). Since evidence as to good character may generate a reasonable doubt the proffered evidence seeking to establish defendant to possess a reputation for good character should have been admitted despite the time period involved being limited to a few months. The time limit would be a factor for the jury to consider in deciding if the evidence is entitled to credit.

3. We turn next to those assignments of error in which appellant attacks the rulings which deprived him of a trial before a committing magistrate. Defendant had moved both orally and in writing for a preliminary hearing. The transcript indicates the trial judge's denial order was based upon defendant having obtained his release by having furnished bail. Undoubtedly, this ruling was the result of a misconception that has existed among our bench and bar based on *Bird v. Terrell,* 128 Ga. 386 (57 SE 777) and *Hopkins v. State,* 5 Ga. App. 699 (63 SE 718) to the effect that posting a bail bond by an accused is a waiver of the committal trial.

The *Bird* case only dealt with forfeiture of an appearance bond and did not involve a trial for a criminal offense. The *Hopkins* case specifically observed that the defendant did not demand a committal hearing. Accordingly, neither of these cases should be construed to apply to an accused who furnishes bail bond to avoid incarceration. The exercise of the right of an arrested person to furnish bail does not constitute waiver of an accused's entitlement to a preliminary hearing upon demand. See Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) and *Manor v. State,* 221 Ga. 866 (148

SE2d 305) as to the importance of the preliminary hearing and its nature as a critical stage in a criminal prosecution.

Since, however, a trial court must be affirmed if its ruling is legally correct for any reason despite the mistaken basis, we are required to hold there is no merit in appellant's assignments attacking the rulings which deprived him of a trial before a committing magistrate. This is due to our Supreme Court having repeatedly ruled that lack of a commitment hearing will not be construed as reversible error after indictment. See *Douglas v. State,* 132 Ga. App. 694 (209 SE2d 114) where our colleague, Judge Webb, has collected a lengthy list of controlling citations on this subject.

4. The court erred in sentencing the defendant to consecutive terms of imprisonment in the absence of such direction in the verdict. *Wade v. State,* 231 Ga. 131 (200 SE2d 271) ruled that under the statutes then in force it was for the jury to determine whether sentences imposed upon conviction on a multi-count indictment were to run concurrently or consecutively. The opinion further pointed out that "unless the jury specifies that the sentences imposed are to run consecutively, then the law (Code Ann. § 27-2510) is that they shall run concurrently." *Wade v. State,* supra, p. 134. Our court in *Stephens v. State,* 132 Ga. App. 267 (208 SE2d 24) interpreted the *Wade* decision and the re-affirmance decision of *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) thusly: "Only a jury can decide whether sentences are to be served consecutively or concurrently. As the jury verdict was silent on this phase of the sentencing the sentences are to be served concurrently."

Although all of these decisions involved felonies only, they are based upon the statute codified as § 27-2510. Paragraph (c) thereof says "This section shall apply alike to felony and misdemeanor offenses." Accordingly, where, as here, the multi-count indictment included both a felony and a misdemeanor, then the plain language of the statute stating that it "shall apply alike to felony and misdemeanor offenses" left the trial judge no choice but to provide for the sentences to run concurrently in the absence of the jury verdict stating otherwise.

5. As the writer of this opinion joined with the

majority in *Ellis v. State,* 132 Ga. App. 684 (209 SE2d 106), I am in accord with Division 1 of the majority opinion that phencyclidine is a depressant or stimulant drug within the prohibition stated in the Georgia Drug Abuse Control Act.

I am authorized to state that Presiding Judge Deen and Judges Evans and Stolz concur in this dissent.