55490, 55558. GADDIS et al. v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY; and vice versa.

WEBB, Judge.

Mr. and Mrs. Gaddis appeal from a jury verdict and ensuing judgment in favor of the railroad in this suit for lost earnings and loss of consortium resulting from a crossing collision in which Mr. Gaddis was injured. It was contended that the railroad was negligent in various particulars as to speed, warning devices and unqualified engineer but it is clear to us that none of these factors entered into the proximate cause of the collision. The crossing was equipped with standard cross-buck signs as well as one stating "Georgia Law-Stop-Unsafe Crossing." There were four inescapable facts, according to Mr. Gaddis's own testimony: (1) he saw the crossing; (2) he believed he had plenty of time to stop; (3) he intended to stop regardless of whether or not a train was coming; and (4) he began gearing down and to slow up in sufficient time to stop before reaching the tracks. For some unexplained reason, however, he drove his truck into the side of the train, implanting his truck emblem into the rear of the second engine at a point more than 100 feet behind the front end of the train.

In these circumstances the jury verdict in favor of the railroad was the only one legally possible, and irrespective of whether any error occurred as to the charge of the court or the rulings on evidence, we will not require a second trial in order that the same result might be more technically reached. *Williams v. State,* 15 Ga. App. 311 (82 SE 817) (1914); *Union Central Life Ins. Co. v. Trundle,* 65 Ga. App. 553, 563 (15 SE2d 909) (1941). "Errors in the instructions of the court, or in the admission or exclusion of evidence, will not be considered where the verdict was demanded as rendered." *McLaury v. McGregor,* 110 Ga. App. 679, 680 (4) (139 SE2d 444) (1964); *Tischmak v. State,* 133 Ga. App. 534, 536 (3) (211 SE2d 587) (1974). "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or

order, unless refusal to take such action appears to the court inconsistent with substantial justice." Code Ann. § 81A-161. Accord, *Johnson v. State,* 238 Ga. 59, 60 (230 SE2d 869) (1976); *Pennington v. State,* 117 Ga. App. 701, 704 (161 SE2d 327) (1968) and cits.

*Judgment affirmed on main appeal; cross appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

ARGUED MARCH 7, 1978 — DECIDED APRIL 5, 1978 — REHEARING DENIED MAY 3, 1978, IN CASE NO. 55490 — CERT. APPLIED FOR.

*L. B. Kent, Reinhardt, Whitley & Sims, Glenn Whitley,* for appellants.

*Hall, Bloch, Garland & Meyer, F. Kennedy Hall, Mallon G. Faircloth,* for appellee.