## 28677. HUNT *v.* THE STATE.

DECIDED FEBRUARY 1, 1941.

*Milton M. Ferrell, Wallace Miller Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general, Norman E. English,* contra.

MacIntyre, J. 1. Arthur Lee Hunt was convicted of the burglary of the dwelling house of Vincent Cannipellie, having been jointly indicted with Milton Wright and Lewis Jackson. His motion for new trial was overruled and he excepted. The question of jurisdiction, special ground 1 of the motion, complaining of a certain excerpt from the judge's charge, and the general grounds of the motion are controlled adversely to the defendant by divisions 1, 4, and 2 respectively of the opinion of *Hunt* v. *State,* supra.

2. Special ground 2 contends that a new trial should be granted "because upon the trial of said case the solicitor made the following statement to the jury in his argument: 'If Hunt, the defendant, owned that new 1937 Buick sedan automobile he must have been wonderfully successful somewhere in some business.' Movant promptly objected to this argument and made a motion at this time for a mistrial. The objection and the motion was then and there overruled by the court. Movant insists that the overruling of the above objection and motion was error, and that the above argument was very prejudicial to the defendant in the eyes of the jury. It was nothing more than an inference that the defendant was guilty of automobile larceny, the defendant being on trial for the offense of burglary. This argument was exceedingly harmful to the defendant." The evidence was that the defendant and his colleagues were in possession of a new 1937 Buick automobile. The record does not disclose that by his remark the solicitor was seeking to make himself a witness, nor was he stating facts within his own knowledge touching the case (*Brooks* v. *State,* 55 *Ga. App.* 227, 232, 189 S. E. 852), nor was he attempting to introduce facts not in evidence. *Lewis* v. *State,* 57 *Ga. App.* 340 (195 S. E. 285). Merely because the solicitor in his argument indulged in satire, or ridicule, grounded upon evidence, does not call for a mistrial (*Brooks* v. *State,* supra), nor is it ground for a mistrial. While counsel for the State should not be permitted in his argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court or the granting of a mistrial. This ground is not meritorious.

3. Special ground 3 complains that the judge should have granted a mistrial because of the following remark of the solicitor-

general made in his argument to the jury: "If you want to allow these Ohio gangsters to come down to Macon and get away with these things, then just let this man go." Upon objection by defendant's counsel the judge instructed the jury not to consider this statement of the solicitor-general. The defendant contends that a mistrial should have been granted because the remark was harmful and prejudicial, and there was no evidence in the record upon which this statement could be based. In *Pullen* v. *State,* 30 *Ga. App.* 24, 28 (116 S. E. 871), the court held that the trial court did not err in refusing to grant a mistrial because of the remarks of the solicitor, to wit: "The evidence shows that the defendant is a bootlegger." And in *Sutton* v. *State,* 18 *Ga. App.* 162, 166 (88 S. E. 1005), the court held that the trial court did not err in refusing to grant a mistrial because of the remarks of the solicitor, to wit: "This defendant belonged to that gang over there; it was just like a den of rattlesnakes. . ." In this case, the evidence disclosed that the defendant, together with Lewis Jackson and Milton Wright, came to Macon, Georgia, from Ohio, and were working together with a common intent and purpose to commit burglary. They came to Macon with this intent and purpose, travelling together in a Buick automobile which was parked conveniently near the house which they were using, not for the purpose of a bona fide residence, but for a mere camp and hideaway to store the goods as they stole them until they could accumulate a sufficient quantity of goods to make a reasonably complete automobile load and then take the goods away for disposition in some other community. Under the evidence and the rulings cited, we do not think this ground discloses cause for granting a mistrial. Especially do we think this ruling correct in the light of the court's ruling and corrective measures taken at the time the objection to this remark was made.

4. Special ground 4 complains of the following remarks of the solicitor-general: "I suppose Mr. Ferrell [one of defendant's counsel] will make a motion for a mistrial on the next thing I say. He is just beginning in the practice of law and if he can't take it from the other side of the table he had better get out of this business right now because he has a lot of it to go through with if he stays in it." Upon objection to this remark, the court instructed the jury that it was proper for the defendant's counsel

to object and for the solicitor to comment on defendant's counsel's conduct. The defendant contends that this statement was prejudicial and that it was error to refuse to sustain the objection and severely rebuke the solicitor-general. We do not think the remarks were prejudicial or called for rebuke by the court. In the celebrated case of *Frank* v. *State,* 141 *Ga.* 243, 278 (15) (80 S. E. 1016), the Supreme Court held that where the solicitor said that "It would not surprise [him] if these able and astute gentlemen [counsel for defendant], vigilant as they have shown themselves to be, did not go out and get some doctors who have been the family physicians and who are well known to some of the members of this jury, for the effect it might have upon you" (the jury), these remarks did. not call for a rebuking of the solicitor. As was said by Judge Russell in *Manchester* v. *State,* 171 *Ga.* 121, 133 (155 S. E. 11), "Since these remarks were calculated to be considered no more than mere sparring or legal pyrotechnics and unlikely to affect the decision of the jury we can not say they demand a mistrial, in view of the cautioning words the court used in regard to them." He further stated in the same opinion: "It may well be said that such statements as these are so common in criminal trials that they are regarded very lightly by juries." In this case, under these rulings, and in view of the cautioning words that the court used in regard to the language complained of, we do not think this ground discloses cause for declaring a mistrial. The verdict was authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*