37862.   MILES *v.* THE STATE.

DECIDED SEPTEMBER·23, 1959—REHEARING DENIED
NOVEMBER 4, 1959.

*E. H. Stanford, Marvin O'Neal, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, Eugene L. Tiller,* contra.

TOWNSEND, Judge. ■ In his petition for certiorari the defendant assigns error because the prosecutrix, Margaret Hunt Miles, testified on direct examination: "I don't think there had been any discussion between me and Byron concerning money, that he was dissatisfied with the amount I gave him." Counsel for the State then asked: "Could that have been the reason he beat you in October, 1958?" The witness replied, "No, sir", and counsel for the defendant objected to the latter question and answer on the ground that it constituted an opinion. Opinions and inferences of witnesses not based on facts are of course inadmissible. *Howell* v. *Howell,* 59 *Ga.* 145 (5); *Marshall* v. *Pierce,* 136 *Ga.* 543 (3) (71 S. E. 893); *Smith* v. *State,* 14 *Ga. App.* 17 (1) (80 S. E. 22). The witness testified that she could not recall what brought on the fuss resulting in the alleged beating of her by the defendant "but he came around to my room from his room and for some reason he got mad and began slapping me in the face, knocked me clear down on the floor and kicked

me in the back." The State properly sought for a motive for an otherwise inexplicable assault of a 32-year-old man upon an 81-year-old woman who apparently had stood in the relation of a mother to him. Had the witness known the motive, she would have been competent to testify to it. *Daniel v. State*, 59 *Ga. App.* 884 (2 S. E. 2d 519). Just before this question she had testified: "I don't know what the provocation was for his making this attack on me, unless he wanted me to give him more money. I had allowed him to have a joint bank account with me so he wouldn't be embarrassed over asking me for money." The State's case would of course have been strengthened by showing a motive for the attack, which was denied by the defendant, and would have rendered the fact of such attack more worthy of credence. The witness' response, was in no wise harmful to the defendant, even if considered merely as the witness' opinion, based on her lack of knowledge of any discussions of financial transactions or quarrels between herself and the defendant, a fact which, if it existed, she would presumptively have been aware of. This ground is without merit.

■ Error is also assigned because the same witness, on cross-examination, was asked: "Haven't Mr. Guy Smith [an attorney] and the members of your family told you they could force him to make a settlement with you for you to get out of the adoption if you could put Byron in jail?" The question was objected to on the ground that it involved a confidential communication between attorney and client, and the objection, as to Mr. Smith only, was sustained. This ruling was without error. Code § 38-1102 provides that no party to an action shall be required to make discovery of any matter involving "the advice of his professional advisers, nor his consultation with them, nor matters relating to his own and not the plaintiff's case." Code § 38-1711 provides: "A witness shall be relieved from testifying as to the same matters hereinbefore specified in relation to a party making discovery." See also *Baxley v. State*, 17 *Ga. App.* 196 (14) (86 S. E. 425). The fact that the witness, Mrs. Miles, had consulted with an attorney of her own choice and had been advised by him was privileged and had no bearing upon the guilt or innocence of the accused in the criminal case, for, even if the

witness had waived the privilege and had stated that her attorney advised her to swear out the warrant it would be necessary for the State to go further and show that the facts sworn to were untrue. Insofar as the fact that she had a disagreement with the defendant regarding another matter might not only show a reason for her to have taken out the warrant, but also a reason for the court to examine more closely into her credibility in the criminal case on the ground that the existence of such a controversy might show a reason for distorting or exaggerating the facts in an effort to put pressure on the defendant in the civil matter, the witness further testified: "Mr. Guy Smith was standing right there by my side. I will do anything Guy Smith tells me to do, legally. Mr. Smith did not tell me to swear out this warrant but told me to leave it to him and he would get me out of this mess with Byron Conner. I left everything to Mr. Smith because he is my lawyer." The court was thus apprized that the prosecutrix was having a difficulty with the defendant regarding a civil matter and was being advised by counsel in regard thereto. This was as far as the evidence could legally go, and the question of what advice had been given to the witness by her counsel was properly excluded.

■ As to the general grounds of the motion for new trial, the testimony of the prosecutrix was positive and direct to the effect that the defendant had in fact slapped her, knocked her down, and kicked her. This obviously, if believed, authorized a conviction for the offense of assault and battery. Whether this witness was worthy of belief, whether she was aged and infirm and therefore confused in her mind, whether she was impeached in any of the ways known to law, were all questions which addressed themselves to the judge trying the case and personally observing the demeanor and appearance of the parties rather than to this court. The judgment of guilty showed that he believed the witness. There was accordingly evidence to support the conviction, and the general grounds of the certiorari are without merit. *Holifield* v. *State,* 16 *Ga. App.* 250 (85 S. E. 81); *Williams* v. *State,* 17 *Ga. App.* 724 (88 S. E. 215).

The judge of the superior court did not err in denying the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*