38696.   ANDERSON v. THE STATE.

CARLISLE, Judge. 1. A party voluntarily calling a witness cannot impeach him except where he can show that the witness has entrapped him by testifying contrary to previous statements made to the party or to his attorney. *Allen v. State,* 71 Ga. App. 517 (1) (31 S. E. 2d 107). Accordingly, where the solicitor-general stated that he had been entrapped by a witness called by him and further proved the entrapment by introducing a written statement made by her which was con-

trary to her testimony given upon the trial, it was not error for the trial court to permit him to cross-examine her. *Peurifoy v. State,* 53 Ga. App. 515 (2) (186 S. E. 461). Accordingly, the second and third special grounds of the motion complaining of the court's allowing such cross-examination fail to show error. The mere statement of the court that it was apparent that the witness was an unwilling witness and antagonistic to the State was not harmful to the defendant under the circumstances of this case.

2. The court did not err in admitting in evidence the written statement of a witness for the State impeaching her testimony given upon the trial of the case. The court expressly instructed the jury that the document was admitted only for the purpose of impeachment and that it could not be considered for any other purpose. *Smith v. State,* 183 Ga. 289, 290 (2) (188 S. E. 341); *Sparks v. State,* 209 Ga. 250 (2) (71 S. E. 2d 608). Special ground 4 of the motion for a new trial complaining of the admission of this document was without merit.

3. Special ground 6 attempts to assign error on a portion of the argument of the solicitor-general made to the jury. It is contended in this ground that the solicitor-general argued that the deceased "was shot in bed as sure as you are in this room and didn't know what hit him." Upon objection the solicitor contended that his statement was that the defendant shot the deceased "in the bed just like you would shoot a rabbit in the bed and [the deceased] didn't know what hit him." The trial court instructed the jury that the solicitor-general had a right to make reasonable deductions from the testimony but that he could not express a personal opinion, and he overruled the defendant's motion for a mistrial. This ground of the motion fails to aver that the comment or conclusion of the solicitor-general was not referrable to any evidence adduced upon the trial, and to this extent it is incomplete. *Blount v. State,* 18 Ga. App. 204 (2) (89 S. E. 78). Furthermore, the statement of the solicitor-general was a reasonable deduction from the evidence adduced in the case and the use of the simile was not beyond the range of proper argument. *Floyd v. State,* 143 Ga. 286, 288 (5) (84 S. E. 971); *Hunt v. State,* 64 Ga. App. 324, 325 (2) (13 S. E. 2d 121). It follows that the trial court did not err in refusing to grant a mistrial as com-

plained of in this special ground.

4. Special ground 7 assigns error because of "irregular and illegal procedure" in the trial of the case and contends that the court should have declared a mistrial (though no motion for such was made) because the defendant, at his own request, was carried from the courtroom by a deputy sheriff and prior to his return arguments were resumed, a portion of the trial thus being conducted in the absence of the defendant. This ground shows that the defendant was asked in open court and in the presence of his counsel if he waived his presence while the argument was going on, to which question he replied that he did, and the same question was asked of the defendant's counsel and he replied that he waived the defendant's presence. This ground does not show what portion of the trial proceeded in the defendant's absence except that some argument was had. Under the circumstances of this case, no error was committed in receiving the waiver of the defendant and his attorney. *Smith v. State*, 59 Ga. 513; (27 Am. Rep. 393); *Cawthon v. State*, 119 Ga. 395, 396 (8) (46 S. E. 897); *Swain v. State*, 162 Ga. 777, 783, et seq. (6) (135 S. E. 187).

5. The remaining special grounds of the motion for new trial are not argued and insisted on and are treated as abandoned in this court. With regard to the general grounds, it is sufficient to say that the evidence, when viewed in the light most favorable to the defendant, shows that he and his wife had been divorced but had continued to live together intermittently thereafter as man and wife and that they had established residence at a certain apartment in Gainesville from which on the day of the shooting the defendant had been absent for at least a week; that he entered the apartment early in the morning around 6 or 6:30 and found the deceased and his wife (or former wife) in bed together; that she jumped up when he entered the room and that he shot the deceased before he had moved. There was absolutely no evidence that the circumstances confronting the defendant were "such as to impress a rational mind that it was necessary to take human life to prevent . . . sexual intercourse," and the jury were authorized to find that the defendant "killed the deceased under a violent and sudden impulse of passion," and thus were authorized to convict him of voluntary manslaughter.

*Patterson v. State,* 134 Ga. 264, 266 (67 S. E. 816). The evidence did not demand a verdict of guilty of murder or nothing. *Todd v. State,* 75 Ga. App. 711, 713 (1) (44 S. E. 2d 275). The defendant admitted firing the gun which inflicted the wound and which, according to medical evidence, was the cause of the death of the deceased. The evidence authorized the verdict of guilty of voluntary manslaughter.

*Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 20, 1961.

*Brannon & Brannon, E. C. Brannon, Sr.,* for plaintiff in error. *Jeff C. Wayne, Solicitor-General, Sidney O. Smith,* contra.