## 51660. CLANTON v. THE STATE.

WEBB, Judge.

Perry Clanton appeals from his conviction of kidnapping and aggravated assault.

1. Clanton contends that a statement he gave to the police was merely an incriminating statement and not a confession so that it was prejudicial error for the court to charge the law of confessions. *Pressley v. State,* 201 Ga. 267, 272 (39 SE2d 478). In order to determine whether a statement is an admission or confession, "the true determinant is whether the statement is offered by the accused as exculpatory or inculpatory . . . A confession, as distinct from an incriminating admission, is a statement inconsistent with the possibility of accused's innocence of the crime charged. . ." *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210).

Measured by these standards, we hold that the trial court properly charged on confession, leaving it to the jury to determine whether the statement amounted to a confession. It clearly shows that Clanton aided and abetted co-defendant Hankerson by stopping the automobile to permit Hankerson to get in the back seat with the victim, where she was held and driven away against her will; by driving the automobile while he

attempted to rape her; by backing up and turning off his lights so the tag could not be identified while the victim was being held in the car against her will; by holding the flashlight for Hankerson while he examined the victim's genital area to determine whether or not she was having her menstrual period; and by holding to her coat so she could not escape when she left the car to relieve herself. This statement shows that Clanton was an aider and abettor to Hankerson, rendering him a party to the crimes of kidnapping and assault with intent to rape. Criminal Code § 26-801. No exculpatory or legally justifying facts are put forward in the statement, and it amounts to a confession under the holding in *Robinson,* supra.

2. Clanton contends in Enumeration 3 that the court erred in failing to grant a mistrial when the state put his character in issue. Counsel for co-defendant Hankerson asked Clanton: "You've been in court before, haven't you?" This question did not impermissibly put Clanton's character in issue. *Moss v. State,* 136 Ga. App. 241 (2) (220 SE2d 761) and cits.

3. The evidence amply supported a finding that Clanton was an aider and abettor under Criminal Code § 26-801, which the court charged, and the trial court properly overruled Clanton's motion for directed verdict of acquittal as well as the motion for new trial on the general grounds.

4. Remaining enumerations are without merit. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 15, 1976 — DECIDED JANUARY 26, 1976.

*Saul, Blount & Avrett, Percy J. Blount,* for appellant.
*Richard E. Allen, District Attorney, Ashley Royal, Assistant District Attorney,* for appellee.