52183. THE STATE v. MEGDAL et al.

BELL, Chief Judge.

Defendants were indicted for the possession of marijuana. The trial court sustained defendants' motion to suppress. The premises to be searched were described in the warrant as: ". . . a large two story white frame single family dwelling having a dark roof and dark shutters and all outbuildings including a large parcel of land surrounding the house being located as follows: Directly across from the intersection of Ranick Road and Winterville Road having a silver mailbox and a long driveway located in Clarke County, Georgia, in the custody and control of John Doe and other unknown persons . . ."

The evidence at the motion to suppress hearing showed the building to be a high peaked, one story house and the only one directly in the vicinity of the intersection. The closest neighbors were about 200 yards to the left and 300 yards to the right. Marijuana was found

in the residence and in the woods behind on land on which defendants had no proprietary interest. The trial court held that the warrant was void in its entirety because it misdescribed the dwelling actually searched and because there was no "delineation of the 'large parcel of land surrounding the house'." The court suppressed the evidence found in the residence. It was recited in the order that the state and defendants had agreed that the latter had no proprietary interest in the marijuana found in the woods and lacked standing to suppress that evidence. *Held:*

1. Although the house was incorrectly described as a white *two* story frame single family house with dark roof and shutters, instead of a white *one* story house, etc., it was the only dwelling opposite the designated intersection and had a silver mailbox and a long driveway as described. The nearest neighbor was 200 yards distant. A description is sufficient if a prudent officer executing the warrant is able to locate the place definitely and with reasonable certainty. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585). The description of the residence meets that test.

2. As noted above, the trial court suppressed only the evidence found in the residence and the court stated that the defendants had agreed that they lacked standing to suppress any evidence found in the area described as a "large parcel" of land adjacent to the house. Thus assuming but not deciding that this part of the description was defective, in that it failed to limit the area to be searched, it would not void the entire warrant because of defendants' admitted lack of standing to raise the issue that they were aggrieved by an unlawful search of this area.

*Judgment reversed. Clark and Stolz, JJ., concur.*

SUBMITTED MAY 3, 1976 — DECIDED JULY 9, 1976 — REHEARING DENIED JULY 22, 1976 — ▮▮▮▮▮▮▮▮

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellant.

*Robert D. Peckham, Jack H. Affleck,* for appellees.