## 54296. BIRGE v. THE STATE.

BIRDSONG, Judge.

The appellant, Edwin Birge, along with two co-defendants, was indicted by the grand jury of Carroll County for violating the Georgia Controlled Substances Act by possessing more than one ounce of marijuana. Appellant was convicted of possessing one ounce, or less, of marijuana, and sentenced to twelve months imprisonment. *Held:*

1. The evidence shows that, at the time of his arrest, appellant resided in an unnumbered, simulated-wood dwelling owned by his father on Lake Carroll. The dwelling was situated at the end of an unnamed city road branching just past a residence numbered 140 Lakeshore Drive. It was the only dwelling located at the end of said road; the residence on the other fork of the road was described as a pink-colored house. The search warrant, pursuant to which the contraband was seized, described the place to be searched as "a wood dwelling house setting on the lake bank" at the end of a dirt road branching just past 140 North Lakeshore Drive.

Appellant contends that the trial court erred in overruling appellant's motion to suppress evidence seized pursuant to the above-described search warrant, and in admitting into evidence, over objection, said evidence. In an exhaustive argument, appellant asserts an array of theories in support of his contention.

(a) Several of appellant's theories may be categorized as mere "technical irregularities," the existence of which is insufficient to invalidate the warrant. Code Ann. § 27-312 (Ga. L. 1966, pp. 567, 571). The alleged "irregularities" as to time of issuance of the warrant and the incorrect caption on the search warrant all fall within the category of a "technical irregularity not affecting the substantial rights of the accused." *Merritt v. State,* 121 Ga. App. 832, 833 (2) (175 SE2d 890) (1970); *Latimer v. State,* 134 Ga. App. 372 (214 SE2d 390) (1975).

(b) As to appellant's assertion that the investigating officer's alleged misstatement concerning appellant's inclusion in the City Directory would constitute grounds

for invalidating the warrant under principles enunciated in United States v. Thomas, 489 F2d 664 (5th Cir. 1973), we find that the trial judge did not err in his conclusion that the appellant failed to establish an intentional misstatement of a fact such that invalidation of the warrant would be required. In a hearing on a motion to suppress evidence, "the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." *State v. Swift,* 232 Ga. 535, 536 (207 SE2d 459) (1974); *Smith v. Hornbuckle,* 140 Ga. App. 871 (232 SE2d 149) (1977).

(c) Appellant contends that the description of the place and persons to be searched is ambiguous and overbroad. We find that the description of the premises ". . . sufficiently permits a prudent officer with a search warrant to be able to locate the person and place definitely and with reasonable certainty." *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585) (1969); *State v. Megdal,* 139 Ga. App. 397 (228 SE2d 333) (1976). The plain wording of the warrant reveals both the place and persons to be searched, as well as the specific contraband sought: marijuana. "A warrant which identifies the premises and its owners or occupants is not void as a general warrant because it authorizes the search of other persons found there who may reasonably be involved in the commission of the crime for which the warrant is issued." *Willis v. State,* 122 Ga. App. 455, 457 (177 SE2d 487) (1970); *Campbell v. State,* 139 Ga. App. 389 (228 SE2d 309) (1976).

(d) Appellant urges upon us the application of the principles established in Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977), which held that the issuance of a search warrant by a justice of the peace effected a violation of the protections afforded by the Fourth and Fourteenth Amendments to the United States Constitution. The warrant in this case was issued prior to the Connally decision, and this court has held that the Connally decision is not to be applied retroactively. *State v. Patterson,* 143 Ga. App. 225 (1977). Furthermore, the evidence established that the justice of the peace who issued the warrant had *never* received a fee for issuing a

warrant, thereby eliminating the taint of pecuniary interest proscribed by Connally. Connally does not require reversal here. *Williams v. State,* 142 Ga. App. 764 (1977).

Appellant's first enumeration of error is without merit.

2. Appellant contends that the trial court erred in overruling appellant's motion challenging the composition of the grand and traverse juries as to sex, race, age and geographical distribution. On the hearing of appellant's jury challenge, the only evidence as to the composition of the jury panels was the opinion testimony of a statistician employed by appellant. The trial court, as trier of fact, was free to reject such expert testimony. *Birge v. State,* 142 Ga. App. 735 (236 SE2d 906) (1977); *Ford Motor Co. v. Hanley,* 128 Ga. App. 311, 315 (2) (196 SE2d 454) (1973). These enumerations of error are without merit.

3. Appellant challenges the correctness of the trial court's refusal to grant appellant's motions for severance and mistrial, inasmuch as the co-defendants' defenses were claimed to have been potentially antagonistic. "The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials." *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). The burden is on the defendant requesting the severance to "make a clear showing of prejudice. . ." *Cain,* supra, p. 129. Appellant has failed to carry this burden. "Since the grant or denial of a motion to sever is left in the discretion of the trial court, its ruling will only be reversed for an abuse of discretion." *Baker v. State,* 238 Ga. 389, 391 (233 SE2d 347) (1977). As we find no abuse of discretion, this enumeration of error is without merit.

4. Appellant enumerates as error the trial court's limitation of cross examination on certain matters not relevant to the determination of whether appellant was guilty of committing the offense charged. Specifically, appellant sought to introduce evidence concerning a separate search of the automobile and residence of appellant's co-defendant. While it is true that the right to a thorough and sifting cross examination may not be abridged, the permissible scope of cross examination is

not unlimited. *Jones v. State,* 135 Ga. App. 893 (219 SE2d 585) (1975). "The scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused." *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382) (1966). "The trial judge may properly restrict the cross examination to matters material or relevant to the issues." *Jones,* supra, p. 898. After thoroughly reviewing the voluminous transcript, we conclude that the trial judge did not abuse his discretion in limiting the appellant's cross examination to matters relevant and material to the issues. There is no error.

5. Appellant asserts that the trial court erred in overruling appellant's motion for an independent laboratory analysis of the contraband seized. The principles established in *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977), decided after the conclusion of appellant's trial, require that a defendant charged with possession or sale of a prohibited substance be entitled, upon timely motion, to an independent laboratory analysis of the contraband, by an expert of his own choosing. "Of course, the defendant does not have an absolute, unqualified right to examine such evidence. The motion for an independent examination must be timely made. . . The request must be reasonable. . ." *Patterson,* supra, p. 206. The motion should be granted only "[w]here the defendant's conviction or acquittal is dependent upon the identification of the substance as contraband. . ." Id. See also Jackson v. State (Miss.) 243 S2d 396 (1971), affd., 261 S2d 126 (1972).

The evidence shows that there was no bona fide dispute that the contraband was marijuana. During the search of appellant's premises, he was asked to "get the marijuana," upon which he handed the officers a plastic bag containing green, leafy material later identified by the state as marijuana. The appellant admitted that, together with two other individuals, he owned the marijuana, then later stated that the marijuana belonged to another individual. Appellant never claimed that the contraband was not marijuana, or any other legitimate substance, arguing simply that it belonged to someone

else, or, alternatively, that the state had failed to adequately identify the substance as marijuana. Under these circumstances, *Patterson* does not require reversal, there being no bona fide claim that the contraband is not marijuana. Moreover, the law is settled that error, to be reversible, must be harmful. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53) (1972). We cannot say that under these circumstances, the trial judge's refusal to grant a motion for independent laboratory analysis was harmful. There is no error.

6. Appellant urges as error the trial court's admission into evidence, over objection, the contraband seized and later identified by the state's witness as marijuana, on the ground that the state's witness was not properly qualified to testify as to the identity of marijuana. Appellant contends that, as a result of the state's failure to adequately identify the contraband, the court erred in refusing to grant a motion for directed verdict. "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be interfered with." *Frazier v. State,* 138 Ga. App. 640, 645 (227 SE2d 284) (1976); *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830) (1962). "Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge in regard to a particular subject may be derived from experience as well as study and direct mental application." *Carter v. Marble Products,* 179 Ga. 122 (1) (175 SE 480) (1934).

The evidence shows that the witness had a bachelor of science degree in chemistry and had three years of experience in the analysis of drugs in the state crime lab. The witness testified that he had received training on how to run tests on marijuana at the state crime lab, and that he had performed over three thousand tests on controlled substances, including marijuana. The trial judge committed no error in allowing the witness to testify as to the identity of the alleged marijuana, and subsequently admitting the the same into evidence. *Frazier v. State,* supra, p. 645.

As to appellant's contention that the court erred in

admitting the marijuana into evidence in the absence of a showing that it was "Cannabis Sativa L," the state is not required to prove that the marijuana is "Cannabis Sativa L"; a showing that the contraband is marijuana is sufficient. *Frazier v. State,* supra, p. 645; *Manis v. State,* 135 Ga. App. 71 (1) (271 SE2d 396) (1975). There is no error.

7. For the reasons enumerated in the preceding paragraph, appellant's contention that the trial court erred in overruling appellant's demurrer to the indictment, which challenged the state's failure to specify the precise genus of marijuana, is without merit.

8. Appellant argues that the trial court erred in admitting testimony regarding all of appellant's actions and statements made prior to the giving of the Miranda warnings.

First, Rule 18 (Code Ann. § 24-3618) as to structure and content of the briefs and enumerations of errors in each case has not been complied with by appellant, in that he has failed to cite the particular parts of the transcript which are essential to the consideration by this court of the errors alleged. Specifically, appellant has failed to disclose where, if at all, objection was made to the introduction of appellant's acts and statements, and this failure, alone, leaves us unable to consider this enumeration of error. *Herrin v. State,* 138 Ga. App. 729, 730 (227 SE2d 498) (1976). A search of the lengthy record similarly fails to disclose the raising of an objection to the admission of the evidence. Absent such an objection, no error may be urged on appeal. *Tucker v. State,* 237 Ga. 777 (229 SE2d 617) (1976); *Mallory v. State,* 230 Ga. 657 (198 SE2d 677) (1973).

Second, the Miranda rule falls far short of encompassing all acts and statements of a defendant. *Shy v. State,* 234 Ga. 816 (218 SE2d 599) (1975). Threshold inquiries of the type to which appellant apparently objects do not fall within the custodial interrogation protections afforded by the Miranda rule. *Shy v. State,* supra; *Westley v. State,* 143 Ga. App. 344 (1977).

Here, investigating officers merely asked the appellant where the marijuana was hidden, in order to avoid "tearing up the house." Appellant voluntarily led

the officers to the hallway, where he handed them the marijuana. The situation did not require Miranda warnings. *Boorstine v. State,* 126 Ga. App. 90 (1) (190 SE2d 83) (1972). See also *Shy v. State,* supra; *Davis v. State,* 135 Ga. App. 584 (218 SE2d 297) (1975).

There is no merit in this enumeration.

9. Appellant argues that the trial court erred in admitting certain remarks made by the state in closing argument, and in overruling appellant's motion for mistrial based on the admission of such remarks. Specifically, appellant urges that the prosecutor's statement that appellant's testimony was "the most incredible, preposterous story I have heard ever since I have been trying cases" amounted to prejudicial personalization of argument. As the trial court instructed the jury to disregard the remark, no reversible error was committed. *Baker v. State,* 143 Ga. App. 302 (1977); *Hunt v. State,* 64 Ga. App. 324 (13 SE2d 121) (1940). Other remarks concerning the importance of enforcing the law were directly related to the case, and are protected by the rule that a district attorney "may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Bryan v. State,* 137 Ga. App. 169, 174 (223 SE2d 219) (1976).

This enumeration of error is without merit.

10. Appellant claims that the trial court committed reversible error in instructing the jury that ". . . the contents of a house are presumed to be those of the head of the household, and he who is in charge of the household." The court further instructed the jury that such a presumption was rebuttable. The evidence shows that the appellant resided in the dwelling in which the contraband was seized, and that the dwelling was the property of appellant's father. This properly raised a question for the jury to determine whether he was guilty of possession as a householder. *Bass v. State,* 140 Ga. App. 788 (232 SE2d 98) (1976); *Heaton v. State,* 139 Ga. App. 83 (227 SE2d 854) (1976). There was direct evidence of the appellant's presence at the time the residence was searched, and it was for the jury to determine whether to believe the evidence offered by the state or that offered by appellant,

wherein he contends that he had no knowledge of the drugs. *Bass v. State,* supra. A reading of the charge in its entirety, which included instructions on the presumption of innocence, the definition of circumstantial evidence, and all the other applicable principles of law results in the conclusion that the trial court properly charged the jury on issues raised by the evidence. There is no error.

11. Appellant contends that the trial court erred in refusing to charge the jury in the exact language requested by appellant, concerning pre-trial publicity. Appellant fails to establish any showing of harm or prejudice, and it is well settled that, in the absence of injury, reversal is not required. *Robinson v. State,* supra; *Dismuke v. State,* 142 Ga. App. 381 (1) (236 SE2d 12) (1977). Moreover, the record discloses that the trial court adequately instructed the jury to disregard any publicity concerning the trial. "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820) (1975). There is no error.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED OCTOBER 7, 1977 — REHEARING DENIED OCTOBER 25, 1977 — ■

*Al Horn, James K. Jenkins, Douglas C. Vassy,* for appellant.

*William F. Lee, Jr., District Attorney,* for appellee.