## 54898. BAIN v. THE STATE.

BIRDSONG, Judge.

Motor vehicle theft. From a conviction by a jury of motor vehicle theft, Bain appeals. *Held:*

1. Appellant's first enumeration of error raises the general grounds. " 'As to the general grounds, this court is bound by the "any evidence" rule and must accept the state's version of the evidence, as was done by the jury and the trial judge. [Cit.]' " *Dunn v. State,* 141 Ga. App. 853 (234 SE2d 687). There was evidence to support the verdict; therefore, this enumeration is without merit.

2. Appellant contends that there is a fatal variance between the allegation in the indictment charging him with theft of a "1970 Plymouth Valiant . . . being the property of Sam Brigman," and the proof presented at trial. The victim testified to his ownership of a 1970 Plymouth Duster, and identified the automobile in which appellant was apprehended as the vehicle stolen from him. The victim further testified that he owned no other automobiles. Appellant admitted to the police that he had taken the vehicle identified by the victim and stated that "he didn't think it was stealing when the keys were left in the car."

The indictment satisfied standards established in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801). See *Dobbs v. State,* 235 Ga. 800 (221 SE2d 576); *Davis v. State,* 139 Ga. App. 105 (227 SE2d 900). This contention is without merit.

3. Appellant enumerates as error the trial court's refusal to direct a verdict of acquittal. A directed verdict of acquittal in a criminal case is proper only "where there is no conflict in the evidence." Code Ann. § 27-1802. Where the jury has reached a verdict of guilty, and the verdict is supported by some evidence, a directed verdict of acquittal is not proper. *Willingham v. State,* 131 Ga. App. 851 (207 SE2d 249). See *Merino v. State,* 230 Ga. 604 (198 SE2d 311). This enumeration of error is without merit.

4. Appellant enumerates as error the trial court's refusal to charge the jury, in the exact language requested by appellant, on circumstantial evidence. The trial court virtually quoted the appropriate statute, Code

Ann. § 38-109. The charge was sufficient. *Hudson v. State,* 237 Ga. 241 (227 SE2d 257).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1977 — DECIDED JANUARY 4, 1978.

*Twitty & Twitty, Jack G. Slover, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.