## 55413. TOOLE v. THE STATE.

BIRDSONG, Judge.

Toole appeals his conviction, by a jury, of rape and aggravated sodomy, enumerating eighteen errors. *Held:*

1. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (1) (220 SE2d 60).

2. Enumerated error 2 attacks a search warrant pursuant to which certain evidentiary items were seized.

Specifically, appellant contends that the warrant was prohibited by the holding in Connally v. Georgia, 429 U.S. 245 (97 SC 546, 50 LE2d 444) (1977). However, the warrant was issued April 10, 1977, subsequent to the effective date of the amendment to Code Ann. § 24-1601 (Ga. L. 1977, p. 196), which abolished the "fee system" proscribed by Connally. Absent a showing of impropriety, Connally does not require reversal here.

3. Appellant attacks the warrant as insufficiently descriptive, both as to the place to be searched and items to be seized. The affidavit described the trailer to be searched as "a Detroiter, blue and white in color with black shutters and will have a small wooden porch on the front at the front door. Located on the end of the trailer will be the numbers 205 in vertical order." This description, accurate in all respects, clearly satisfied the standard that it ". . . sufficiently permits a prudent officer with a search warrant to be able to locate the person and place definitely and with reasonable certainty." *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585); *State v. Megdal,* 139 Ga. App. 397 (228 SE2d 333). The items of evidence sought, in the absence of a showing of intentional misrepresentation or misstatement were "sufficiently identified to authorize their introduction into evidence." *Young v. State,* 225 Ga. 255, 256 (167 SE2d 586). See *Williams v. State,* 232 Ga. 213 (205 SE2d 859); *Bryan v. State,* 137 Ga. App. 169 (223 SE2d 219).

4. The facts contained in the affidavit were related to the complaining officer by the victim herself, on personal knowledge, and were sufficient, if taken as true, to satisfy the requirement of Code Ann. § 27-303, with regard to the showing of probable cause. See *Campbell v. State,* 226 Ga. 883 (1) (178 SE2d 257).

5. The trial court did not err in denying that part of appellant's Brady motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)(1963)) which sought to compel the state to produce "all records showing or tending to show how the persons named on the jury panels sent to the courtroom for the trial of the named defendant have voted in the past on civil and criminal cases." First, it appears doubtful that jury voting records would constitute *exculpatory evidence* within the meaning of

Brady v. Maryland, supra. "[T]he Brady requirements are met by the court's in camera inspection of the state's files and disclosure of arguably favorable material, if any. [Cits.]" *Benefield v. State,* 140 Ga. App. 727, 736 (232 SE2d 89). The trial court conducted an in camera inspection of the state's files and found no exculpatory material. And, "[w]here a defendant moves pursuant to Brady v. Maryland, supra, for disclosure of material arguably favorable to him, and it is asserted that the state has not fulfilled its obligation under that doctrine, then the burden is on the defendant to show that his case has been materially prejudiced thereby. [Cits.] There has been no such showing here." *Benefield v. State,* supra, p. 737. Second, "[a]lthough an 'accused may utilize the notice to produce provision of Code Ann. § 38-801 (g) to compel the production of tangible objects and documents *at trial* (cits.); *Brooks v. State,* 141 Ga. App. 725, 731 (234 SE2d 541), '[d]iscovery as such is not available to an accused in criminal cases in Georgia. (Cit.)' *Pryor v. State,* 238 Ga. 698, 705 (234 SE2d 918)." *Howard v. State,* 144 Ga. App. 208, 211 (240 SE2d 908).

6. Appellant's contention that the trial court erred in allowing both the victim-prosecutrix and the investigating officer to remain in the courtroom after the rule of sequestration had been invoked is controlled adversely by *Dye v. State,* 220 Ga. 113 (2) (137 SE2d 465). Furthermore, appellant failed to timely object to the testimony of these witnesses and will not now be heard to complain of the order in which they testified. *Powell v. State,* 142 Ga. App. 641 (1) (236 SE2d 779).

7. Appellant complains of the admission of testimony by the investigating officer concerning the appearance of the victim's husband at the scene of the incident immediately following its occurrence, on the ground that such testimony was irrelevant.

"Questions of the relevancy of evidence are for the court. [Cit.] When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. [Cits.]" *Harris v. State,* 142 Ga. App. 37, 41 (234 SE2d

798). "Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). Ultimately, the relevance of evidence is "addressed to the jury's determination." *Davis v. State,* 230 Ga. 902, 905 (199 SE2d 779). Clearly, the husband's on-the-scene reaction to his wife's statement to him that she had been raped is admissible as independent evidence of recent complaint tending to prove that the incident occurred as alleged. See *Burnett v. State,* 236 Ga. 597, 598 (225 SE2d 28); *Price v. State,* 233 Ga. 332 (211 SE2d 290).

8. Under the rules of relevancy set forth above, the trial court did not err in admitting testimony concerning the victim's inability to sleep immediately following the incident. While the probative value of such testimony may be doubtful, it is of at least some evidentiary value as tending to prove force and lack of consent, issues left to the determination of the jury where the defendant alleged consent by the victim. Enumerated errors 11 and 12 are without merit.

9. "Where the jury has reached a verdict of guilty, and the verdict is supported by some evidence, a directed verdict of acquittal is not proper. [Cits.]" *Bain v. State,* 144 Ga. App. 470 (241 SE2d 586). The corroborative evidence adduced at trial satisfied the standards enunciated in *Burnett v. State,* supra. Enumerated error 9 is without merit.

10. Appellant argues that some thirteen exhibits tendered by the state were improperly admitted for the reason that they suffered a fatal flaw in the chain of custody. We disagree. As to fungible items of evidence, "[t]he burden the state must carry to gain admission of evidence such as this is to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. [Cit.]" *Johnson v. State,* 143 Ga. App. 169, 170 (237 SE2d 681). Moreover, "it is not necessary that the state negative all possibility of tampering but only that it show it is reasonably certain there was no alteration — when there is only a bare speculation of tampering, it is proper to admit the

evidence and let what doubt remains go to its weight. [Cits.]" *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). See also *Braden v. State,* 135 Ga. App. 827 (4) (219 SE2d 479). As to the remaining exhibits, the rule is that "[u]nlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cits.]" *Floyd v. State,* 137 Ga. App. 181, 182 (223 SE2d 230). Appellant produced no evidence of substitution or tampering. Accordingly, the trial court did not err in admitting state's Exhibits 1, 2, 13, 14, 15, 16, 17, 18, 19, 25, and 26.

Appellant's contention that state's Exhibits 23 and 24 were improperly admitted is supported by neither argument nor citation of authority and is therefore deemed abandoned. *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374).

11. "Any error in the judge's instructions to the jury immediately prior to their dispersal as to discussing the case among themselves or with anyone else was waived by the failure of defendant's counsel to object or request a further instruction. [Cit.]" *Stephens v. State,* 132 Ga. App. 267 (208 SE2d 24).

12. Appellant's objection to the state's redirect examination of the victim was not raised at trial and therefore presents nothing for decision. *Cauley v. State,* 137 Ga. App. 814 (224 SE2d 794).

13. "In a Jackson v. Denno (378 U. S. 368 (1964)) type hearing, the presiding judge acts as the trier of fact and resolves the issues of truthfulness, credibility, etc. [Cit.] His decision will not be disturbed in the absence of obvious error, which does not exist in this case." *Ingram v. State,* 137 Ga. App. 412, 413 (224 SE2d 527). See *Brazell v. State,* 140 Ga. App. 340 (231 SE2d 105). The trial court did not err in admitting, after a Jackson-Denno hearing, the appellant's statement.

14. As the statement itself was admissible, it follows that the prosecutor's reference to the statement immediately prior to the Jackson-Denno hearing, was harmless, if error, and the rule is settled that "[h]arm as well as error must be shown to authorize a reversal by this court." *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53). Accordingly, the trial court did not err in refusing to grant

a mistrial based on the prosecutor's reference to the statement made by appellant.

15. Appellant's statement revealed that he offered the victim a sum of money in exchange for sexual favors, and "she said no. She got up and was going to the back door. When she got to it, I don't know what happened. I grabbed her and pulled her into the bedroom. I had my hand over her mouth. I told her not to scream." The statement concluded with a description of acts of sodomy and sexual intercourse between victim and defendant, thereby acknowledging all of the requisite elements of rape and aggravated sodomy. As no justification or excuse appeared in appellant's statement, the trial court did not err in charging on the law of confessions. *Clanton v. State,* 137 Ga. App. 376 (224 SE2d 58).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 27, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED JUNE 20, 1978 — 

*Harrison, Childs & Foster, Mobley F. Childs, C. David Wood,* for appellant.

*Bryant Huff, District Attorney, Malcolm C. McArthur, Steven L. Reed, William P. Rowe, III, Dawson Jackson, Assistant District Attorneys,* for appellee.