58718. ANDERSON v. THE STATE.
58719. BONNER v. THE STATE.

CARLEY, Judge.

Appellants were indicted and tried jointly on a charge of robbery by force. They were found guilty and received ten-year sentences. Because the issues raised by both appellants are identical, their appeals are consolidated into this single opinion.

The state presented evidence that on October 28, 1978, the appellants approached a man in the parking lot of a motel, solicited him sexually, and that, when he declined their proposition, they attacked and disabled him by spraying a chemical irritant in his eyes and then removed money and a knife from his possession. Anderson

then disappeared and Bonner was pursued to the motel office by the victim. The motel manager called the police but before they arrived Anderson drove up to the motel office, Bonner fled into the car and they drove away. They were apprehended a short time later.

Appellants' version of the incident was significantly different. Bonner testified she was a registered guest at the motel and that as she was leaving her room a man accosted her, she resisted and tried to escape. The man began to throw rocks at her. She sprayed the chemical in the face of the man and ran to the motel office for help. Anderson testified that on the night in question she was driving to a restaurant in the vicinity of the motel and saw her friend, Bonner, being attacked by the man. Anderson blew her car horn and saw Bonner run into the motel office. Anderson then drove up in front of the office and Bonner ran out to the car. Appellants testified that they were on the way to police headquarters to report the attack on Bonner when they were stopped and arrested.

1. Over appellants' objection, the motel operator was permitted to testify that on the night of the incident an unidentified person entered the office and told the witness "Hey, there's some trouble out there, a guy got mace sprayed in his face." It is urged that this testimony was hearsay and should have been excluded.

This testimony was admissible as part of the res gestae. *Hill v. State,* 17 Ga. App. 294 (1) (86 SE 657) (1915); *Haralson v. State,* 234 Ga. 406, 407 (3) (216 SE2d 304) (1975); *Whitley v. State,* 137 Ga. App. 68, 69 (2) (223 SE2d 17) (1975). There was no error.

2. Appellants urge that error occurred when a witness for the state, a police officer, was permitted to testify, without a Jackson-Denno hearing, as to statements made to him by appellants. This enumeration is without merit. Defense counsel did not request a Jackson-Denno hearing. *Hurt v. State,* 239 Ga. 665, 670 (4) (238 SE2d 542) (1977). Moreover, the trial court did determine what statements had been made to the witness by appellants and found that the statements were not confessions or admissions but merely voluntary statements to the witness, directing him "to get [his] goddamn hands off of [appellants], that they didn't do

nothing." Thus, even assuming appellants had properly requested a Jackson-Denno hearing, no error is shown in the admission of their statements. Cf. *Watson v. State,* 227 Ga. 698 (182 SE2d 446) (1971).

3. Appellants enumerate as error the charging of the jury on conspiracy. It is urged that appellants were not indicted for conspiracy, that the state's evidence showed that both appellants had acted in concert, had committed and completed the act of robbery, and that on this evidence a charge on conspiracy was not warranted and constitutes reversible error. The arguments of appellants in this regard have been previously considered and rejected. "[W]here the evidence in a criminal case shows that two or more persons were concerned in the commission of an alleged crime, it is not harmful error for the trial court . . . to charge the jury on the law of conspiracy." *Battle v. State,* 231 Ga. 501 (202 SE2d 449) (1973). See also *Thomas v. State,* 242 Ga. 712, 717 (251 SE2d 294) (1978); *Liggins v. State,* 239 Ga. 452, 454 (3) (238 SE2d 34) (1977). Also, "even if conspiracy is not alleged in an indictment, a charge upon the subject is not error if the evidence tends to show a conspiracy." *Alexander v. State,* 150 Ga. App. 41, 42 (256 SE2d 649) (1979).

4. The trial court charged the jury that they were to determine if there was flight, that a defendant's flight was subject to explanation, that the jury was to consider whether or not they would draw an inference of guilt from flight, and that if the flight was due to some reason other than guilt no inference hurtful or harmful should be drawn. The evidence for the state showed appellants had fled from the scene of a crime; appellants had explained their flight by testifying they were fleeing from the scene of an attack on Bonner and on the way to police headquarters to report that attack when apprehended. The charge on flight was authorized by the evidence and proper. *Montgomery v. State,* 241 Ga. 396 (245 SE2d 652) (1978); *Nair v. State,* 236 Ga. 892 (226 SE2d 61) (1976). Appellants, relying on *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976), further urge, however, that the charge was burden-shifting, requiring them to "explain" their flight or suffer the inference of guilt. We do not agree. A

charge on flight and the inference of guilt which can arise therefrom absent an explanation is no more burden-shifting than a charge on the inference which arises from the recent possession of stolen goods absent an explanation. "Although it places some duty on defendant to go forward with the evidence, it does not shift from the state the ultimate burden of persuading the jury of his guilt beyond a reasonable doubt." *Parrish v. Hopper,* 238 Ga. 468, 469 (233 SE2d 161) (1977). See also, *Walters v. State,* 128 Ga. App. 232, 236 (5) (196 SE2d 326) (1973).

5. Bonner enumerates as error the trial court's permitting certain questions to be propounded to her by the state and compelling her to answer. Anderson urges that these questions addressed to her co-defendant were so prejudicial that she (Anderson) was also denied a fair trial.

Appellants first contend that error occurred when the state was permitted, over objection, to compel Bonner to answer the following question concerning an element of her version of the night's events: "Did you tell [defense counsel] about your roommate?" It is argued on appeal that requiring her to answer this question was violative of the attorney-client privilege. We note that communications between client and attorney are excluded from evidence for reasons of public policy. *McKie v. State,* 165 Ga. 210 (3) (140 SE 625) (1927). Under Code Ann. § 38-419 these privileged communications "shall never be heard by the court" and when a possible violation of this confidentiality occurs this court will never view the circumstances lightly. However, in the instant case, while in no manner condoning the asking of this question by the state nor the trial court's compelling an answer, we find that no reversible error has been shown. When the question was put to appellant, defense counsel merely "objected" without further elaboration. The trial court overruled the objection, noting "she's on cross-examination." It is thus obvious that the trial court interpreted the bare objection as being addressed to the leading nature of the question. When the state again propounded the question to appellant, no further objection based upon the attorney-client privilege was raised. Indeed, the first mention of the possibility that the

question sought privileged information apparently occurs in appellants' briefs on this appeal. On these facts, we hold that, in the absence of a proper objection grounded on the attorney-client privilege, no error is shown. Compare *Braxley v. State,* 17 Ga. App. 196 (14) (86 SE 425) (1915); *Miles v. State,* 100 Ga. App. 614 (2) (112 SE2d 237) (1959).

Appellants next urge that error occurred when the state was permitted to impeach, over objection, Bonner's testimony concerning the physical attack on her through cross examination about her failure to relate the exculpatory story before the recorder's court. If supported by the transcript, appellants' enumeration would be well taken. Doyle v. Ohio, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976). The alleged error in this regard in the instant case occurred in the following manner: The state was cross examining Bonner concerning her failure to relate her story that the victim had assaulted her to the investigating officers prior to appellants' arrest. Bonner contended that she had tried to relate her story but the officers would not allow her the opportunity to say anything. Then, rather abruptly and inexplicably, the state asked Bonner: "You had counsel at your Recorder's Court hearing at the police station, is that correct?" Defense counsel then objected on relevancy grounds. This objection was overruled. The assistant district attorney then immediately stated or questioned: "You said you didn't say anything." Bonner replied: "I said I didn't get a chance to say anything." It is totally unclear from the transcript whether this colloquy between the assistant district attorney and Bonner, immediately following the overruling of the relevancy objection concerning appellants' representation by counsel at the recorder's court hearing, has reference to the failure to tell the exculpatory story before the recorder's court or whether the assistant district attorney decided not to pursue the line of questioning concerning the events at that hearing and sought to return to the subject which had preceded it — failure to tell the story to the officers prior to the arrest. We note that the only time Bonner had previously testified that she "didn't say anything" as intimated by the assistant district attorney or that she "didn't get a chance to say anything" as restated by Bonner, was in

regard to her pre-arrest confrontation with the police officers. It is thus unclear from the transcript whether the state was in fact trying to impeach Bonner's story by demonstrating her pre- or her post-arrest silence.

However, even assuming the latter, no reversible error is shown here. The only objection raised by defense counsel in the entire colloquy was the relevancy objection to the question concerning legal representation at the preliminary hearing. While the relevancy of this question escapes us, we know of no decision which holds that the posing of such a question to a defendant in a criminal trial violates a constitutional right. Appellants cite us to no such case. It is clear that the propounding of such a question does not violate Doyle, which applies to the use of a defendant's post-arrest pretrial silence for impeachment purposes, *Clark v. State,* 237 Ga. 901 (230 SE2d 277) (1976), not to legal representation at preliminary hearings. And, assuming that the assistant district attorney's statement or question concerning Bonner's silence, made after the relevancy objection had been overruled, referred to her failure to relate it at the recorder's court hearing, no objection was interposed at that time. It is thus clear that here, unlike Doyle, no objection to cross examination concerning post-arrest pretrial silence was interposed. This failure to object constitutes a waiver and appellants cannot now complain on appeal. *Alderman v. State,* 241 Ga. 496, 504 (246 SE2d 642) (1978). Furthermore, even assuming the relevancy objection properly invoked a ruling by the trial court on a violation of Doyle and that the court erred in overruling it, such error was harmless. The transcript reveals that the assistant district attorney did not repeatedly question Bonner nor "focus on" or "highlight" her silence so as to constitute prejudicial error. *Alderman v. State,* 241 Ga. at 508, supra.

Finally, it is urged that error occurred when the trial court overruled the objection and motion for mistrial made when the assistant district attorney propounded a question to Bonner which improperly placed her character into evidence. The question, which asked if she had been represented on other matters by defense counsel and which was withdrawn and never answered, did not

suggest an answer that Bonner had previous convictions. *Moss v. State,* 136 Ga. App. 241, 242 (2) (220 SE2d 761) (1975). See also *Sisk v. State,* 182 Ga. 448, 455 (7) (185 SE 777) (1936); *Taylor v. State,* 243 Ga. 222, 226 (6) (253 SE2d 191) (1979); *Clanton v. State,* 137 Ga. App. 376, 377 (2) (224 SE2d 58) (1976); *Loder v. State,* 140 Ga. App. 166, 169 (3) (230 SE2d 124) (1976) (vacated on other grounds, 238 Ga. 200; affirmed on remand, 141 Ga. App. 665); *Gamble v. State,* 141 Ga. App. 304 (2) (223 SE2d 264) (1977); *Hall v. State,* 143 Ga. App. 706, 708 (4) (240 SE2d 125) (1977). Compare *McGuire v. State,* 238 Ga. 247 (232 SE2d 243) (1977); *Bethea v. State,* 149 Ga. App. 312, 313 (2) (254 SE2d 468) (1979). While not condoning the asking of the question or the trial court's disposition of the objection, we are of the opinion that the question falls just short of putting Bonner's character in issue. *Ogles v. State,* 238 Ga. 716 (235 SE2d 384) (1977). Compare *Ralls v. State,* 87 Ga. App. 655 (75 SE2d 26) (1953); *Stanley v. State,* 94 Ga. App. 737 (96 SE2d 195) (1956); *Gore v. State,* 124 Ga. App. 398 (184 SE2d 24) (1971). There was no error. *Gamble v. State,* 141 Ga. App. 304 (2), supra.

*Judgments affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED JANUARY 23, 1980 — REHEARING DENIED FEBRUARY 12, 1980 —

*James A. Elkins, Jr.,* for appellants.
*William J. Smith, Jr., District Attorney,* for appellee.